## C. L. BATES *v.* J. B. SNIDER.

| 59  497 |
| L75  236 |
| 59  497 |
| 74  121 |

REPLEVIN.   *Trustee.   Judgment.*

If a trustee recovers in replevin the property conveyed to him to secure a debt, the judgment should be for the property or its value, not to exceed what will pay the legal charge upon it.

APPEAL from the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

At the trial of an action of replevin by the appellee, trustee in a deed of trust executed by the appellant's firm, to secure a creditor, the evidence tended to show payments upon the debt secured, and the court refused to charge for the defendant: (1) that if the jury believed that the defendant was indebted on the mortgage debt they should find in their verdict the amount so due; and instructed the jury for the plaintiff, (2) that they were not called upon to determine the amount Bates & Bro. owed the creditor, but the only question was whether they owed him anything covered by the deed of trust.

*W. C. McLean*, for the appellant.

Logical premises must be followed to their legitimate conclusions, although they lead to a novel application of old doctrines. A trustee's interest in the property covered by the trust-deed, which is a mere security for debt, is limited to the right to protect the secured creditor. *Buck* v. *Payne*, 52 Miss. 279; *Freeman* v. *Cunningham*, 57 Miss. 67. Between the grantor and trustee exists a relation like that between the bailor and bailee in an hypothecation, as to whom it is held that the verdict in replevin should assess not the value of the pledge, but the interest of the pledgee. *Lloyd* v. *Goodwin*, 12 S. & M. 223; *Jones* v. *Hicks*, 52 Miss. 682. The general owner in either case has a right, which is unaffected by the verdict, to redeem by paying the secured debt. If full payment is pleaded, the jury must pass on the account in any case, and they are as well qualified to decide questions of partial satisfaction. In order to end the litigation and benefit the litigants, the verdict should be so framed in these cases that the debtor can

pay the sum due and retain his property. It is provided in Code 1880, § 2622, that, if the plaintiff's interest is special, the jury shall assess its value ; and, as no benefit can result by doing through the slow and expensive process of a trustee's sale what can be done by immediate payment, this statute and these principles should be so applied as to compel the jury to find the sum due.

*Fitz Gerald & Whitfield*, for the appellee.

In replevin by the trustee, to which the beneficiary is no party, the question is whether anything is due on the trust-deed and not the amount of the indebtedness. When a mortgagee or the bailee of a pledge brings this action, the verdict, under Code 1880, § 2622, should assess the sum secured. *Jones* v. *Hicks*, 52 Miss. 682. A trustee, on the contrary, is the owner of the property with power to sell for the mutual benefit of the grantor and the beneficiary, the chosen agent of both, and by the terms of the contract he is entitled to the possession. Payment to the mortgagee or pledgee is satisfaction of the debt, but no debt is due to the trustee. The creditor is not before the court, which, without jurisdiction of his person, can bind him by no verdict fixing the amount of his claim. The property or its full value is the measure of the recovery ; for the deed of trust is the law of the transaction, and it cannot be altered or amended by the court, in the absence of one of the contracting parties.

CAMPBELL, J., delivered the opinion of the court.

The court erred in granting the second instruction for the plaintiff, and in refusing the first asked by the defendant. Payment of the debt secured by the deed of trust would extinguish it, and the right of the trustee to the possession of the property it conveyed ; and the judgment should have been for the property or its value, not to exceed the sum which would discharge the legal demand of the trustee, so that the defendant might satisfy the judgment by paying the legal charge upon it, and thereby keep the property. It would be a vain thing to award to the trustee the possession of a large amount of property, or a large sum of money, to pay a small sum, and immediately thereafter to return the surplus to the

defendant. If a restoration of property withheld from the trustee, or payment of its value to an amount equal to what he is entitled to realize from it, is adjudged to him, he has no cause for complaint. Nor should the beneficiary complain, because this is the full measure of his rights under the deed of trust. That the beneficiary is not the plaintiff in the action does not preclude inquiry as to the amount for which the deed of trust is a security. If all had been paid, the defendant could show that, and thereby defeat a recovery by the trustee, who, in that case, would be *functus officio*, and, if part has been paid, or no payment has been made, the sum due may be shown, in order to limit the pecuniary recovery by the trustee. It was proper in this case to fix the sum of money the payment of which would discharge the security which gave the trustee the right to maintain his action. For the error on this subject, we reverse the judgment, and remand the case for a new trial.

*Judgment accordingly.*