## SOL. DREYFUS ET AL. *v.* WESTLEY CAGE.

1. REPLEVIN.  *Trust-deed.  Partial payment.*
    The grantor in an unsatisfied deed of trust cannot maintain replevin for one of several mortgaged chattels which the trustee holds in pursuance of the power conferred on him by the deed to take all the property and sell a sufficiency to pay expenses and the debt due the beneficiaries; but in such a case the single question to be tried is whether at the time of the institution of the suit the plaintiff was entitled to the possession of the property, and he was not so entitled if at that time any part of the debt secured was unpaid.

2. SAME.  *Chattel mortgage.  Power.*
    The trustee, if the deed so empowers him, may take all the mortgaged chattels for the purposes of the trust, and the grantor, after partially paying the debt, cannot recover in replevin such of the property as he may select in excess of a sufficiency to satisfy the cost of executing the trust and the unpaid balance.

3. SAME.  *Judgment.  Code* 1880, ₹ 1732, *construed.*
    In such a case judgments cannot be rendered for the plaintiff as to part of the property mortgaged, and for the defendant for the rest, under Code 1880, ₹ 1732, the object of this statute being only to provide that appropriate judgments may be rendered in law courts on issues properly determined in the form of action tried.

4. SAME.  *Legal title.  Limited interest.*
    Where no right of recovery exists the principle recognized in the case of *Bates* v. *Snider*, 59 Miss. 497, cannot be invoked, but it applies where the party rightly recovering a judgment for the possession of property has only a limited interest in it, for security of a debt less than its value.

5. REPLEVIN.    *Verdict.    Substance of issue.*

Although the jury in such a case find, as a fact, that the debt secured by the trust-deed is unpaid, judgment cannot be rendered for the defendant in replevin for all the mortgaged chattels in controversy unless the verdict also awards all the property to the defendant.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The case is stated in the opinion of the court.

*J. A. Brown*, for appellants, argued orally and in writing.

1. A grantor in a trust-deed cannot maintain replevin against the trustee in possession, after condition broken, because he has neither the title nor any right of possession. Code 1880, § 1204; Jones on Chattel Mortgages, §§ 434, 435, 436. He has the equity of redemption, and his remedy is a bill to redeem. *Holmes* v. *Bell*, 3 Cush. (Mass.) 322; *Brown* v. *Bement*, 8 Johns. (N. Y.) 96; *Burdick* v. *McVannes*, 2 Den. (N. Y.) 170; *Heyland* v. *Badger*, 35 Cal. 404; Wells on Replevin, § 94 and § 222 b. Under the security clause the trustee at any time can take the property. *Frisley* v. *Langworthy*, 11 Wis. 375; *Chadwick* v. *Lamb*, 29 Barb. 518; *Lewis* v. *D'Arcy*, 71 Ill. 648; *Cline* v. *Libby*, 46 Wis. 123; Jones on Chattel Mortgages, § 438, note 8. The only question in this case is, Did the plaintiff have the legal title when he sued? *London* v. *Emmons*, 97 Mass. 37; *Leach* v. *Kimball*, 34 N. H. 568; *Nichols* v. *Webster*, 1 Chand. (Wis.) 203; *Hume* v. *Breck*, 4 Litt. (Ky.) 285; Wells on Replevin, § 630 and cases cited. *Bates* v. *Guider*, 49 Miss. 479, is consistent with this and accords with the authorities. Jones on Chattel Mortgages, § 448; Wells on Replevin, § 222.

2. Each chattel was by the contract equally bound for the whole debt, and neither the trustee, the grantor, the beneficiary, nor the jury had any right to select one out of the several chattels. *Clark* v. *Griffith*, 2 Bosw. (N. Y.) 566, 567, 570. A trustee who takes one of several mortgaged chattels is liable to an action for impairing the equity of redemption. *Granger* v. *Kellogg*, 3 Gray 490. A grantor who contracts for exposure to sale of all his property, by his trustee, months in the future, including live stock and unplanted

crops, and provides that the balance of proceeds, after paying his debt, shall come to him, may sue a trustee who neglects his duty by dealing with only a part of the property. *London* v. *Emmons*, 97 Mass. 37 ; Jones on Chattel Mortgages, § 699, notes 4 and 1 and 2, also § 700, note 3. A debtor who has conveyed the legal title out of himself in order to pay his debt cannot assert this title until the debt is paid ; and if he has contracted to devote several chattels, he cannot take back the best. *Power* v. *Telford*, 60 Miss. 198, 200 ; *Buck* v. *Payne*, 52 Miss. 271 ; *Butler* v. *Lee*, 54 Miss. 476 ; Wells on Replevin, §§ 94, 105, 605.

3. Judgment for defendants should have been entered on the second verdict, which found in their favor the substance of the issue. If rudely or informally expressed, the court "will work the verdict into form and make it serve." 3 Graham and Waterman on New Trials 1377, 1380, 1385, 1403, 1407. The jury here find the essential fact that the mortgage debt is unpaid, and this court, where the substance is found, can reform the structure of the verdict. 1 Graham and Waterman on New Trials 159, 160 ; Powel Appel. Proc., §§ 53–57. Verdicts receive a reasonable construction, and the courts never avoid them except from necessity, and always uphold them when they perceive that they contain the substance of the issue, however informally expressed. 1 Graham and Waterman on New Trials 159, 160, notes 3 and 4. No injustice can result from accepting this verdict, for a judgment for the defendants is manifestly right upon the facts.

*L. Brame*, for the appellee, argued orally and also filed a brief.

1. All that was really due on the trust-debt was paid before the trustee seized the property. He was a trespasser, and his tort was authorized by the beneficiaries, Dreyfus & Ascher, who were partners and whose agent he was. The plaintiff was entitled to all the property and to damages ; and if he was sued for only a part and the jury gave him less than he was entitled to recover, the appellee has no ground of complaint. No doubt can exist as to the right to recoup and show extinguishment of the debt in the manner done in this case. *Paxton* v. *Meyer*, 58 Miss. 445 ; *Hutt*

v. *Bruckman,* 55 Ill. 441; Jones on Chattel Mortgages, § 705;
3 Sutherland on Damages 482.

2. In a controversy between the grantor and trustee as to the
right of possession to personal property, it is the right of the
former to ask that the jury shall assess the amount of the secured
debt remaining unpaid, and only a sufficiency of the property is to
be condemned to pay this amount, or rather the trustee is entitled
to only a sufficiency of the property to pay the indebtedness due.
*Bates* v. *Snider,* 59 Miss. 497. It is of no consequence whether
the grantor is plaintiff or defendant or how the question may
arise, nor is it of any consequence that questions as to dam-
ages are involved. In an action of replevin or in any other
action the respective rights of the parties are preserved, and
judgment may be entered in such way as to fully protect those
rights. Code 1880, § 1732. The former incompetency of law
courts to administer justice, owing to the rigid rule that judgment
had to be entered directly in favor of the plaintiff or the defend-
ant, no longer exists, and now such flexibility is given to the
proceeding as that such and so many verdicts and judgments may
be entered in the same case as justice and the rights of the parties
may require.

3. At least it would be bad policy to hold that the trustee may
take all the property for a small balance due, for in extreme cases
the power may be used for oppression. Our law treats a trust-
deed as a mere security, and the trustee is entitled to possession
only to pay the debt. Although the grantor has no right to direct
what part of the property the trustee shall seize, yet after a suffi-
ciency has been taken to satisfy the debt and expenses he has a
right to the remainder, which he can enforce by an action of
replevin, and a recovery as to the property to which he is entitled
will not be defeated by a finding of the jury that he has included
other property in his suit. The effect of Code 1880, §§ 1732,
1733, 2386, 2622, in view of the ruling in *Bates* v. *Snider,* is the
same as § 6754 Compiled Laws Mich., 1871, vol. 2. As bearing
on this case see the case of *Kohl* v. *Lynn,* 34 Mich. 360.

4. The verdict for the defendants was informal and incomplete;

it was no verdict at all. The property was not all mentioned, and the court properly refused to receive this verdict. It would be a sad commentary on our laws if the court in such a case had not the power to reject the informal, ambiguous, and incomplete finding, and to resubmit the papers to the jury for a perfect verdict. This was not only the right but the duty of the court. *State* v. *Baldwin,* 14 S. C. 135 ; *Hanf* v. *Ford,* 37 Ark. 544 ; *Gibson* v. *State,* 39 Miss. 295 ; *Patrick* v. *Carr,* 50 Miss. 199.

*H. H. Parker,* on the same side.

COOPER, C. J., delivered the opinion of the court.

This is an action of replevin instituted by the appellee to recover the possession of certain property, and damages for its unlawful taking and detention. The defendants to the suit are J. W. Britton, trustee in a deed of trust executed by the appellee on the 29th day of March, 1884, and the firm of Dreyfus & Ascher, beneficiaries therein. The defendants executed bond for the forthcoming of the property to abide the result of the suit, and the trustee then proceeded under the power of sale conferred in the deed to sell the property. By this sale twenty-three dollars and thirty cents in excess of the expenses of executing the trust and the balance of the debt claimed by the beneficiaries was realized, and this was tendered by the trustee to the plaintiff, who declined to receive it.

The plaintiff contended that the whole debt secured by the deed of trust had been satisfied before the property was seized by the trustee, but this is negatived by the verdict of the jury, and for the purposes of this investigation it must be assumed that such was not the fact.

The real controversy in the court below turned upon the proposition advanced by the plaintiff, that the trustee had no authority to take under the deed more property than was sufficient to satisfy the costs of executing the trust and the unpaid debt, the logical sequence of which proposition, if it be correct in law, is that the plaintiff might recover in this action any of the property in excess of a sufficiency for the purposes above stated. The court below ruled in accordance with this view, and the result was a verdict for

the plaintiff for a part of the property and damages for its unlaw-ful taking and detention.    In this the court erred.

The power of the trustee was conferred by the deed executed by the plaintiff, and it was to take all the property into his possession if default should be made in the payment of the whole or any part of the debt secured, and to make sale of a sufficient quantity thereof to pay the costs of executing the trusts and the unpaid debt. It was not unlawful for the trustee to do that which by the deed he was authorized and directed to do, and though by such action on his part the plaintiff has sustained damage, it is *damnum absque injuria*, for which no right to recover exists.  He should have pro-vided by his deed for the contingency which he claims to have arisen, to wit : the payment of the greater portion of *the debt*, by limiting the right of the trustee to take only so much of the prop-erty as should be needed, or, failing in that, should have avoided the consequences by paying or tendering to the debtor whatever sum remained due on the secured debt.  He was under a legal obligation to pay not only a part but the whole of this debt, and he contracted for the result which should follow his neglect to perform all of this obligation.  He failed to do as he had agreed to do ; the trustee did as he was authorized and required to do and nothing more.  It is difficult to perceive any legal principle upon which a right of action can accrue to him who has failed in the per-formance of duty as against one who has not.

But it is contended that under the provisions of § 1732 of the Code of 1880 it was proper to enter up a judgment for so much of the property as was unnecessarily sold for the payment of the debt due to Dreyfus & Ascher, and to sustain this position the case of *Bates* v. *Snider*, 59 Miss. 497, is cited.    In that case the trustee had sued out a writ of replevin to recover the property conveyed in trust, and the grantor in the deed had executed a forthcoming bond.    On the trial it appeared that the debt secured had been re-duced by payments, and we held that while the plaintiff should have judgment for the return of all of the property, yet the alter-native judgment should only be for an amount sufficient to dis-charge the debt due, because this was the extent of the plaintiff's

interest in the property. But in the case now before us no alternative judgment can be awarded in favor of the defendant, for the reason that he is already in possession of the property in controversy. The principle recognized in *Bates* v. *Snider* is applicable only to cases in which a party has rightly recovered a judgment for the possession of property, but has only a limited interest in it for the security of a debt less than its value. It cannot be invoked to create a right of recovery where none exists.

It was not intended by § 1732 of the Code of 1880 to abrogate all distinctions as to forms of action, but only to provide that proper judgments should be rendered in courts of law on issues properly determinable in the form of action tried. Inextricable confusion would result from an attempt to so apply it as to convert actions of *replevin* into actions of *assumpsit*, or *trespass de bonis asporatatis*, some features of each of which actions appear in this case as tried in the court below. The single question to be tried in this case is whether at the time of the institution of the suit the plaintiff was entitled to the possession of the property. He was not so entitled if at that time any part of the debt secured was unpaid. Under the instructions of the court, the jury in each of its verdicts attempted to settle the supposed rights of both parties by finding a part of the issue for the plaintiff and a part for the defendant. In neither verdict is there a finding that the plaintiff or the defendant is entitled to all the property sued for. We cannot, therefore, render a judgment for the defendant on either verdict.

*The judgment is reversed.*