# CASES ARGUED AND DECIDED

——IN THE——

# SUPREME COURT OF MISSISSIPPI,

——AT THE——

# MARCH TERM, 1897.

---

PRESTON BOND ET AL. *v.* W. E. GRIFFIN.

1. TRESPASS TO LAND. *Good faith. Measure of damages.*

Where defendant, in good faith, believing he owned the land, cut trees therefrom, he is liable to the real owner only for the value of the trees at the time of the taking. *Illinois, etc., R. R. Co.* v. *LeBlanc, post,* p. 626.

2. REPLEVIN. *Alternate judgment. Code 1892, § 3726. Election.*

If a plaintiff in replevin recover, the judgment, under code 1892, § 3726, should be in the alternative, for the property or its value as found by the jury. The defendant in such case can elect to pay the value and retain the property.

3. SAME. *Plaintiff's interest. Instruction.*

If the testimony shows that plaintiff has only a limited interest in the property, an instruction announcing his right to recover should confine the right to the value of such interest.

FROM the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

Appeal by defendant below and the sureties on his replevin bond; cross appeal by plaintiff below. The facts are stated in the opinion of the court.

*Mc Willie & Thompson*, for the appellants and cross appellees.

The logs actually cut and removed from the school land in question were so inextricably mingled with the other logs of the defendant as to render identification of them impossible. Under the established rule, replevin cannot be maintained in such a case unless the confusion was caused by the wilful and wrongful act of the defendant. In the absence of proof of such wrongful act, complete identification is required. 20 Am. & Eng. Enc. L., 1063, notes 3 and 4.

The court will also observe that in this action the lower court, by its instructions, recognized the attitude of the defendant as one who had cut and removed the timber upon a *bona fide* claim of right, and limited the damages recoverable against him to the value of the trees as they stood in the forest. It would be idle to argue the propriety of this ruling, in view of the recent clear and emphatic utterances of this court in the case of the *Illinois, etc., R. R. Co.* v. *LeBlanc, post,* p. 626, where the authorities on the subject are fully reviewed.

The judgment in this case is incorrect, even if we concede the plaintiff's right to a recovery. The defendant had given bond, but the judgment is not expressed in the alternative, as required by § 3726, annotated code 1892, and does not give to the defendant and the sureties on his bond, the alternative right to restore the property or pay the assessed value thereof. This is a flagrant violation of the terms of the statute, as well as a shrewd method of obviating the effect of the instructions of the court for the ascertainment of plaintiff's damages.

Proceeding under this erroneously entered judgment, the plaintiff promptly notified the defendant and his sureties that he elected to require the restoration of the logs, or, in other words, would take the property as enhanced by the labor and means of the defendant, who had cut the logs, believing in good faith that he owned them and the land on which they stood. The logs were worth $900 cut and put into the water courses. As they stood in the forest, they were worth the sum found by

the jury, $121.75.    That the judgment is erroneous in not following the statute providing for a recovery in the alternative of the logs or their assessed value, there can be no doubt.    Code 1892, § 3726; *Pearce* v. *Twitchell*, 40 Miss., 344; *Bates* v. *Snyder*, 59 Miss., 497; *Heard* v. *James*, 49 Miss., 236; *Illinois, etc., R. R. Co.* v. *LeBlanc, post,* p. 626.    Suppose the case of replevin for a mere canvas worth five cents, upon which, after it had been taken in the honest belief of ownership, defendant had painted a masterpiece, the picture being worth thousands of dollars.    Could the owner of the canvas recover the picture in replevin, or would the defendant have the right to retain it, paying full value for the trifling canvas?

The other questions in the case are so well argued by Mr. Evans, our associate, that we can add nothing to his brief upon them.

*W. G. Evans, Jr.,* on the same side.

"If timber is even severed by a trespasser from leased premises, the lessor shall have it, and not the tenant for life or years."    1 Washburn on Real Prop. (4th ed.), 154, sec. 49; Taylor's Landlord and Tenant, 59, sec. 51 (8th ed.).    "Trees, however, when severed from the freehold, become the absolute and sole property of the reversioner, and trespass will lie in his favor against anyone who removes them, even though it be the tenant himself."    1 Washburn, 154, sec. 49; *Ib.,* 157, sec. 55; *Ib.,* 466, sec. 20; *Ib.,* 129–30, sec. 5; *Ib.,* 155, sec. 51.    "The tenant cannot maintain a suit or recover timber cut from the leased premises."    1 Taylor's Landlord and Tenant, 415, secs. 354, 771 (8th ed.); 2 *Ib.,* 189–90, sec. 173.    "If trees be severed by a trespasser, the lessor shall have them."    1 Taylor's Landlord and Tenant, 409–10, sec. 350 (8th ed.).    The title to the lands from which the logs in controversy were cut (section 16) was at that time, always has been, and is now in the State of Mississippi.    *Jones* v. *Madison County,* 72 Miss., 777.    In a lease of a sixteenth section there is no authority given, ex-

pressed or implied, authorizing a tenant to cut timber, more than the implied right to do repairs, erect buildings on the land and remove such timber as may be required in order to improve and cultivate the land, and a tenant of a sixteenth section stands, therefore, in the identical attitude of any other tenant, it matters not if his term is for ninety-nine years; and we can find no authority anywhere which authorizes a tenant to recover timber that has been cut and removed off the demised premises. The judgment cannot stand, as it is in direct conflict with the instructions of the court. When a judgment in replevin is for a limited interest, it should be so stated. Code 1892, § 3726; also see annotations in code.

*Calhoon & Green*, for appellees and cross appellants.

The material part of the judgment is, that plaintiff have and recover the logs, describing them, and, if the same are not to be had, the alternate value thereof, to wit: $121.75. The point is made that this judgment is wrong, because it gave to the plaintiff, the real owner, the right to have the logs themselves restored to him. Counsel seem to think that the statute is solely for the benefit of the defendant, the wrongdoer, and that it gives him the option of returning the property or paying its value. This will not do at all; the fact is, that, even under the statutes which left out the words "if to be had," the courts have always held that the plaintiff might have the property if it could be found, otherwise he got his damages. Up to the enactment of the code of 1892, the statutes on the subject of the judgment in replevin, have provided that the judgment should be for the recovery of the property and the damages assessed, in case the sheriff held the property, and, in case the property remained in the possession of the defendant, that the judgment should be that he restore the property or pay its value. Code 1880, §§ 2622, 2623.

Pursuant to this judgment, the statutes awarding execution in action of replevin, have always been to command the sheriff

to take the property in controversy, if the same may be had, and deliver the same to the successful party, and, if not to be had, that he make the value therefor, together with the damages and cost of the goods, etc., of the party and his sureties, against whom the judgment is rendered.    Code 1880, § 2624.

All that the code of 1892, § 3726, does, is to incorporate in the section on judgments, the words "if the same may be had," which appear in all the statutes on executions in replevin. Code 1892, §§ 3726 and 3729.    This was done simply to harmonize the sections on judgments with the sections on executions in replevin.    *Harvey* v. *Edington*, 25 Miss., 22; *Anderson* v. *Tyson*, 6 Smed. & M., 244; *Heard* v. *James*, 49 Miss., 236; *Peterson* v. *Polk*, 67 Miss., 163; *Smokey* v. *Peters*, 66 Miss., 471; *Phillips* v. *Gastrell*, 61 Miss., 416, 417.

Replevin must not be confused with either trover or trespass in the consideration of this case.    Trespass is for wrongdoing, and is to recover damages for the wrong, and not to recover goods or their value.    Trover is of the same nature, and both proceed on the idea that the goods are not recoverable, while replevin is an action to recover a specific thing which has been taken from the owner.    In an action of trover, only the value of the property lost is recoverable; in an innocent trespass, only actual damages.    In an action of replevin the property has always been recoverable, but damages over and above the recovery of the property, in an action of replevin, cannot be had where the original taking was not wilful.

The further distinction is to be observed, as in the LeBlanc case, that where the party is in the actual adverse possession of property under a *bona fide* claim of right, and he removes part of it and sells it, he is liable in trespass for only the actual value of the property before its amotion.    The reason is plain, because the bringing of the action of trespass might be delayed until repeated amotions had involved large expense and damages.    But, suppose in the LeBlanc case, *post,* p. 626, that as soon as the gravel had commenced to be removed, LeBlanc had

entered his action of replevin against the railroad company for the specific gravel, which could have been seized and identified by the sheriff.    In such case, would any lawyer pretend that LeBlanc could not have recovered his specific gravel?    We apprehend not.    To so hold would, of course, invite the seizure of property by wrongdoers, and would force the owners to part with their property whether they wanted to or not.    If a party can identify the original materials, he can pursue and recover them in an action of replevin, whatever alterations those materials may have undergone.    *Street* v. *Nelson*, 80 Ala., 230; *Wright* v. *Guier*, 9 Ways, 177; *Riley* v. *Boston*, 11 Cush., 11; *Snyder* v. *Vaux*, 2 Rawle (Pa.), 421; *Wingate* v. *Smith*, 20 Me., 287; *Schluenburg* v. *Harriman*, 21 Wal., 44; *Bent* v. *Hoxie*, 90 Wis., 625.

The attempt of counsel to assimilate this case to that of a man who had tortiously come into possession of a piece of canvas and had painted on it a picture worth a vast sum of money, is hardly worthy of consideration.    Such an instance is too extreme for the courts to consider in establishing rules for the conduct of mankind in the multiplied transactions of life.    But this attempted parallel has been often exploded.    Aside from the fact of the very insignificance of the value of the cloth, it had by the picture undergone a total transformation.    The value of the cloth had been destroyed, and an entirely new thing with a new value had been created on it.

The point made by the counsel that the state only could sue, because she had the reversionary interest in the sixteenth section as lessor, we think does not deserve very serious consideration.    It would be sufficient to dispose of this to say that all the doctrines in reference to kindred matters, which arose out of the feudal system, have no pertinency to the condition of things in this country.    It is never considered here that a lessee for ninety-nine years of school land may not cut trees and use the property as his own.    The truth is, generations must elapse before the lease expires, and the standing timber

would rot down in many instances.  Another consideration, to hold as counsel request would be an invitation to plunderers on school lands, because, if the lessee could not recover, the state would never intervene, as it has never intervened.

But a case identically similar to the one at bar, and decidedly on our side of the question, is *Reynolds* v. *Dexter*, 2 Wash., 185.  In that case, the counsel for the trespasser made the same points and cited the same authorities as in the case at bar.

Argued orally by *T. A. Mc Willie*, for appellants and cross appellees.

STOCKDALE, J., delivered the opinion of the court.

This is a replevin suit brought by W. E. Griffin, appellee, against Preston Bond, appellant, for pine saw logs cut and removed by said Bond from lands that the said Griffin claimed to own—section 16, township 2, range 12.  The jury rendered a verdict for plaintiff for 966 logs or their alternate value, $121.75, and the court rendered judgment in accordance with the verdict.  Both parties moved for a new trial, both motions were overruled, and both parties appealed to this court.

On the trial the plaintiff below set up a ninety-nine years lease of said section 16, township 2, range 12 by the board of supervisors of Harrison county, Mississippi, to Margaret C. Thomas, and deraigned his title from her, and proved to the satisfaction of the jury that 966 pine saw logs had been by defendant cut and removed from said land and put in Red creek and Caney creek and mingled with other logs cut from other lands, and proved the value of the logs in the trees, the court having refused to allow him to prove the value of the logs as they then were with additional value of cost of labor in cutting, hauling, branding and marking ready to float to market.

At that stage of the trial defendant moved to rule out all the evidence introduced by plaintiff, because the title to said sixteenth section was in the State of Mississippi, and that the

lessee had no right to cut timber for sale nor to recover possession of timber cut from said land. The court overruled the motion, and defendant reserved an exception.

There is no evidence in this record as to the character of the land from which the timber was cut, whether it is adapted to and specially valuable for husbandry, or whether only valuable for timber or other purposes, and we express no opinion on this assignment.

The record shows that at the tax sale of delinquent lands by the sheriff of Harrison county, on the sixth of March, 1893, the land here in question was sold to Preston Bond, who paid the purchase money, $10.48, and the sheriff gave him a receipt therefor showing that that was the purchase money for this sixteenth section. The sheriff, by oversight, neglected to make and file with the clerk a deed of said lands, as the law requires and as appellant, Bond, supposed had been done, until the time for redemption of said lands had expired and called on the clerk for his deed. He called on the sheriff to know the reason of his failure, and the sheriff then made him a deed, dated, however, October 23, 1895.

The defendant, Mr. Bond, was put on the stand as a witness for plaintiff, and, on cross-examination, testified to his good faith in cutting the trees.

To Mr. Bond: *Ques.* "How came you to cut timber on section 16?" *Ans.* "Because I thought it was mine." *Ques.* "How came you to think it was yours?" *Ans.* "I bought it." Mr. Ford, counsel for plaintiff: "We insist on the production of the deed." (Deed handed to plaintiff's counsel.) *Ques.* "Is that the deed, Mr. Bond?" *Ans.* "Yes, sir, that is the deed." Mr. Evans, counsel for defendant: "We offer this deed in evidence." Mr. Ford: "We object to that deed." (Deed read to jury.) Mr. Ford: "Our objection is that this deed is a tax deed, made two years and six months after the date of sale; that it is not made in accordance with the statute."

Mr. Batson testified: "After I went and counted the logs, I

went to see Mr. Bond, and told him what was going to take place if he didn't turn the timber over. They were going to enter suit against him—the company would." *Ques.* "What did he say? State what he said." To these questions the witness answered at some length—to the effect that Bond said he thought the timber was his, he had the sheriff's title for it, he bought it in 1893, and thought he had a right to cut it. In fact, Mr. Evans told him it was all right, but if it did not belong to him, he would return standing timber in its place. This witness further testified that he was representing Dantzler & Co.; did not remember whether he told Bond that Griffin claimed the land.

The timber here in dispute was cut in the fall of 1895, which was after the time provided for redemption of lands sold March 6, 1893.

Defendant asked the following instruction, which was given: "The court instructs the jury that if they believe that the defendant cut the timber in good faith, and not wantonly, carelessly, or negligently, then the jury should find the value of the timber at the time of the taking, and not the value at the time the logs were seized."

It seems from the foregoing that the question of the good faith of the defendant in cutting the timber was fairly submitted to the jury, and was decided in his favor by their verdict.

The court declined to instruct the jury to find for plaintiff the value of the logs in the creeks at the time they were levied on, but modified the instruction so as to make it read that the jury should find the value of the logs in the creek, less the cost and labor of hauling and putting them in the creek.

It was error, we think, in the court below to give the instruction asked by plaintiff to the effect that plaintiff is entitled to the possession of the logs cut from the lands embraced in plaintiff's deed from Dantzler, administrator, and so forth, without adding " or the value of the limited interest of plaintiff therein, as shown by the testimony," or some language of equal import.

We think the rulings of the court below were on correct principles, leaving out of view the grant of the instruction last referred to, asked by plaintiff. *Illinois, etc., R. R. Co.* v. *LeBlanc,* manuscript opinion at this term. (*Post,* p. 626.)

And the judgment ought to have been rendered in terms comporting with the doctrines announced by the court, commanding the defendant and his bondsmen to restore the logs to plaintiff, or pay him the value of his limited interest therein, as found by the jury, to wit: $121.75. And that upon the payment of that sum by defendant, he may retain the logs, and the judgment thereby be satisfied.

The judgment of the court below is reversed, and judgment rendered here in accordance with this opinion. There are two separate and independent appeals from the same judgment, but the judgment here ordered to be entered will settle all the questions involved, and it will not be necessary to discuss further the other points made by either appeal. Both appellants use the same record, and the costs of the two appeals will be taxed half on appellee, W. E. Griffin, and half upon appellant, Preston Bond, and the cost of the court below must be paid by the defendant in that court, Preston Bond.