HILL ET AL. *v.* PETTY.

[71 South. 910.]

1. REPLEVIN. *Damages for detention. Award. Chattel mortgage. Instructions. Judgment. Essentials.*

When in a replevin suit for a horse and cow and calf the officer only levied upon the horse which was released to the defendant on his giving bond for same, it was error to render judgment on the bond for the value of the horse and cow including an award for detention, since the cow was not levied upon.

2. CHATTEL MORTGAGE. *Replevin. Instructions. Judgment. Essentials.*

Where in an action of replevin plaintiff had only a limited interest in the property which was the amount of the debt due under his deed of trust, and the property replevied was worth more than the amount of the debt under section 4233, of the Code of 1906, the jury should have been instructed by the court as to the amount of interest of the plaintiff in the property, since it was a limited interest, and the value of the property was greater than this interest, and the judgment should have been to restore the property to the trustee or pay him the value of this limited interest as assessed by the verdict of the jury.

APPEAL from the circuit court of Carroll county.

HON. ALLEN THOMPSON, Special Judge.

Replevin by J. C. Petty, trustee, against Cora Hill and others, begun in justice court and appealed to circuit court. From a judgment there for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Elmore & Ruff,* for appellants.

*J. W. Conger,* for appellee.

SYKES, J., delivered the opinion of the court.

This appeal is from a judgment rendered by the circuit court of the second district of Carroll county against appellant and the sureties on a replevin bond. The cause was originally begun by an affidavit in replevin made by J. G. Petty, trustee, before a justice of the peace. Petty was trustee in a deed of trust executed by appellants Cora Hill and Floyd Weeks to W. H. Brewer and assigned to MacWall, conveying certain personal property as security for the debt therein mentioned. The horse mentioned in the deed of trust was valued in the affidavit at sixty dollars and the cow and her calf were valued at twelve dollars. The affidavit alleged merely a wrongful detention of the property. The return of the officer who executed the writ of replevin showed that he levied on the horse, which he valued at one hundred and twenty dollars, and for which he accepted bond. The return is silent as to the cow and calf. Judgment was rendered in the justice of the peace court in favor of the defendants, and an appeal was duly prosecuted by plaintiff to the circuit court. In the circuit court there was filed by the plaintiff a statement of an account due by the defendants to the beneficiary of the deed of trust. The balance due claimed in this account is the sum of eighty-four dollars and seventy-eight cents. The plaintiff also

filed in the circuit court a written demand for twenty-five dollars as damages for the wrongful detention of the property.

On the same day that this claim for damages was filed the plaintiff obtained judgment by default against the defendants, but the amount of the debt for which this judgment was rendered is not shown. A jury was impaneled to assess the value of the horse and cow, and the judgment of the court was that the defendants restore this property to the plaintiffs, and it also awarded the sum of twenty-five dollars damages for the wrongful detention of the property. It was error to find for plaintiff for this sum of twenty-five dollars. Since the cow was not levied upon by the sheriff, the bond did, not include it, and the sureties are in no way liable for its value or return.

The record shows that the plaintiff had only a limited interest in the property which was the amount of the debt due under the deed of trust, and that the property replevied was worth more than the amount of this debt; consequently, under section 4233 of the Code of 1906, the jury should have been instructed by the court as to the amount of interest of the plaintiff in this property, since it was a limited interest, and the value of the property was greater than this interest, and the judgment should have been to restore the property to the trustee or pay him the value of this limited interest as assessed by the verdict of the jury. *Bates* v. *Snider,* 59 Miss. 497; *Bond* v. *Griffin,* 74 Miss. 599, 22 So. 187. The appellee should have amended his affidavit as to the value of the property in the court below to an amount at least as much as the indebtedness due him on the account sued on. *Johnson* v. *Tabor,* 101 Miss. 78, 57 So. 365.

*Reversed and remanded.*