Moody et al. v. Citizens' Sav. & Inv. Co.*

(Division A. April 14, 1924. Suggestion of Error Overruled May 19, 1924.)

[99 So. 817. No. 24060.]

REPLEVIN. *Sureties on forthcoming bond not discharged by return of property in practically worthless condition.*

The liability of the sureties on a forthcoming bond, executed for the release of property seized in a purchase-money lien proceeding under section 3080, Code 1906 (Hemingway's Code, section 2437), to return the property or its value, cannot be discharged by the return of the property in such a damaged condition as to be practically worthless.

*Headnote 1. Replevin, 34 Cyc, p. 1575.

Appeal from chancery court of Greene county.

Hon. V. A. Griffith, Chancellor.

Action by the Citizens' Savings & Investment Company against W. O. Moody and others. From a judgment for plaintiff, defendants appeal. Affirmed.

*W. C. Churchwell,* for appellants.

The only question at issue is whether or not the sureties under the forthcoming bond of Martin are liable to appellee. Appellee's contention in the lower court was that the sureties on the forthcoming bond were liable for the depreciation or deterioration of the automobile from the date of seizure till date of sale, and this appeal presents this sole question.

The first thing necessary is to determine what is the obligation of said bond, what did the sureties on said bond bind themselves to do? We therefore set out the obligation of said bond in full: ''Now, therefore, if the said principal obligator herein shall have said car forthcoming to abide the decree to be made by the court in said cause, then this obligation shall be void, otherwise to remain in full force and effect.''

The only thing for the sureties to do to discharge liability to themselves was to see that the property in question, was redelivered to the officer pursuant to the decree of the court. This was their only obligation. If they performed this duty the bond then by the very term thereof became void.

Sureties on bonds are favorites in the eyes of the law, and must have a strict construction of the bond in their favor. The courts are powerless to make any extensions or implications in bonds against sureties. 9 Corpus Juris 32; 32 Cyc. 73; *Bright* v. *Mack et al.,* 72 So. 433; *Wells* v. *Fidelity & Deposit Company,* 83 So. 448; *Cahn* v. *Wright,* 80 So. (Miss.) 494.

The obligation of the bond in this case is to have said car forthcoming to abide the decree to be made by the court in said cause. The car was so delivered to the officer as specified in the decree. Now we most earnestly contend that the sureties have done all that was required of them. The same property that was bonded was returned and accepted by the parties, and was sold under order of the court, and proceeds delivered to complainants. Now they ask the court to read into the bond the obligation that the sureties are liable because the car was not in the same condition it was at the time the property was attached. The sureties did not take upon themselves any such liability, as shown by the obligation of the bond. This suit is brought under chapter 83, Code 1906, sections 3080 and 3081, said Code, sections 2437 and 2438, Hemingway's Code.

Every obligation of the bond has been fulfilled and every requirement of the statute has been met, no default of delivery as required by the statute for a basis of further action was had, nor any breach of any condition of the bond made, and under these conditions we certainly think the sureties were discharged from all liability. Now we contend that section 3081 does not authorize a judgment or decree for anything more than the redelivery of the property where the judgment is greater that the value of the property, unless default is made in said redelivery thereof. *Bomer et al.* v. *Meeks,* 106 Miss. 870, 64 So. 833.

The law applicable here makes default in the redelivery of the property the basis of any action that might accrue against the sureties.

Section 3081, Code 1906, section 2438, Hemingway's Code, does not specify that sureties on bonds of defendants are liable for the depreciation or deterioration of property when bonded, nor does the obligation of the bond provide any such liability upon the sureties, and under rules of construction thereof the court cannot read it into the statute or the bond.

*J. W. Backstrom,* for appellee.

Constructions in favor of sureties shall not be carried to the length of giving the contract a forced and unreasonable construction with the view of relieving them.

The sureties shall be bound to the full extent of what appears to have been their engagement, and for this purpose it is said, that the words of the contract are to be taken as strongly against them as they will admit. *Fisse* v. *Einstein,* 5 Mo. App. 78.

A contract cannot be construed in one way as to the principal and in another as to the sureties. The sureties are in fact bound to the same extent as the principal is bound under the same contract. The office of a surety is one guaranteeing that the principal will carry out

the terms and conditions of the contract or instrument he executes, and most certainly it must be construed as strongly against the sureties as the principal. Any other construction would virtually make bonds and other undertakings a nullity.

In the case at bar we are not asking anything for damages, we are only asking that the sureties pay the difference in the value of the automobile at the time it was delivered back to Martin under the forthcoming bond, and at the time it was sold under the order of the court. There is no point made by appellants that we are not entitled to a decree against B. C. Martin, the principal, for the difference in the indebtedness and the amount realized from the sale of the automobile, but, the objection is raised that we are not entitled to a judgment against the sureties on the forthcoming bond for the four hundred seventy-five dollars. It seems to be the contention of appellants, that where property is seized under a writ of seizure, as in this case, that they can bond the property and then use it and wear it out and deliver back a shadow to the court in the place of the real property.

If it is not the purpose of a forthcoming bond to guarantee the redelivery of the property in the condition that it was in when released, under the forthcoming bond, what is the purpose of such a bond? The law required the sheriff before delivering the automobile back to Martin to take a forthcoming bond, and the purpose of taking this bond, was to protect the complainant who had a lien on the property and required the defendant to deliver the identical property back to the officer and in the same condition that it was in when it was delivered to him by such officer.

It is the policy of the law to do justice between all parties and that the true meaning of a forthcoming bond is that the property must be delivered in the same good condition that it was in when delivered to the bondsmen under the forthcoming bond, and, that if it is not de-

livered in such condition, the complainant, or, the party who is entitled to the possession thereof, has a lien thereon and is entitled to recover from the sureties on the bond the difference between the value at the time of the execution of the forthcoming bond and the date of the delivery of the property.

The same rule that will govern forthcoming bonds in replevin will govern the forthcoming bond in this case. 34 Cyc. 1574, 1575; 23 R. C. L. 906, 907.

The supreme court of Mississippi held in the case of *George* v. *Hewletts,* 70 Miss. 1, 12 So. 855: ''Where property had been restored to the defendant on bond the burning of the property did not operate as a release from liability, though such loss was beyond their control and without fault of the principal of the bond.'' The above case overruled the case of *Whitfield* v. *Whitfield,* 44 Miss. 254.

If you are not relieved of liability by some accident or cause beyond your control, you certainly cannot be relieved of liability from an act caused by the continued use of property and failure to take the proper care thereof. McPherson v. Acme Lumber Co., 70 Miss. 649, 12 So. 857. *Hazlett* v. *Witherspoon, et al.,* 25 So. 150, is a case very much in point and is authority for our motion.

The case of *Hollidie Machinery Company* v. *Whidbey Island Sand & Gravel Co.,* 45 L. R. A. (N. S.) 40, holds that where property is tendered under a forthcoming bond in a depreciated or deteriorated condition, it may be refused and the value collected, but under our statute the rule could hardly be extended that far as I think it would be necessary to accept the property and sue for the difference in value at the time it was delivered under the forthcoming bond, and the time it was delivered back under said bond.

The decree of the chancellor giving judgment against the sureties on the forthcoming bond of B. C. Martin was correct and this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

B. C. Martin purchased of W. H. Daniels Auto Company an automobile, making a cash payment thereon and executing to the company ten promissory notes, each for the sum of ninety-three dollars and twenty cents, for the balance of the price agreed by him to be paid therefor. These notes were assigned by the company to the appellee herein, who, on Martin's failure to pay the notes when due, brought this suit to recover the amount of the notes and to enforce the purchase-money lien therefor as provided by section 3079 et seq., Code 1906 (Hemingway's Code, section 2436 et seq.)

The automobile was seized by the sheriff under a writ issued by the clerk of the court below under section 3080, Code 1906 (section 2437, Hemingway's Code), and afterwards released to Martin on his executing a bond therefor on which the appellants were sureties.

The case was heard on the bill and Martin's answer thereto, resulting in a decree against Martin for the amount of the notes, and the appointment of the sheriff as a commissioner to sell the automobile for the payment thereof, with directions to report the sale at the next term of court for confirmation. The decree then recites that "all other issues in the same cause be, and the same are hereby, continued and set for hearing at said term."

At the succeeding term of the court the commissioner reported that he had sold the automobile and obtained therefor the sum of twenty-five dollars which report was confirmed. The appellee then filed a motion praying for a decree against the sureties on the replevin bond for the difference in the value of the automobile at the time the bond was given and the twenty-five dollars for which it was sold by the commissioner. An agreement was then entered into by counsel reciting:

"That the value of said automobile at the time it was delivered back to the said B. C. Martin on said forthcoming bond was five hundred dollars ($500) and that

the said Martin used and kept said automobile in his possession until about the ——— day of January, 1922, when he delivered said automobile to Webb Walley, sheriff of Greene county, Miss., and commissioner in this cause, and that the said Webb Walley did on the 2d day of February, 1922, sell said automobile in accordance to a decree of this court, and that at said sale said automobile sold for the sum of twenty-five dollars ($25), which was a fair price for said automobile at that time. That said automobile depreciated in value from the time of the execution of the forthcoming bond to the date delivered back to the said Webb Walley, special commissioner, four hundred seventy-five dollars ($475).

"It is agreed that if the sureties are liable for said forthcoming bond, the amount of their liabilities will be the sum of four hundred seventy-five dollars."

The appellee's motion was then sustained and a decree for four hundred seventy-five dollars was rendered against the sureties on the replevin bond, from which they have appealed to this court.

As we understand the agreement of counsel, the depreciation in the value of the automobile was caused by the damage which resulted to it from its use by Martin, from which it follows that the sureties on his bond could not relieve themselves of the judgment against them for the value of the automobile by delivering it to the commissioner. The liability of the sureties on the replevin bond here in question for the return of the bonded property or to pay its value is the same as the liability of the sureties on such a bond executed in the ordinary action of replevin. Consequently the case is ruled by *Hazlett* v. *Witherspoon,* 25 So. 150, wherein this court held that the sureties on a replevin bond cannot be discharged by a tender of the bonded property if it has been so damaged after the execution of the bond as to become practically worthless.

*Affirmed.*