**NATIONAL SURETY CO. v. AUSTIN MA-CHINERY CORPORATION et al.**

Circuit Court of Appeals, Sixth Circuit.  November 15, 1929.

No. 5208.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

M. G. Evans and A. L. Heiskell, both of Memphis, Tenn. (Anderson & Heiskell, of Memphis, Tenn., Cutrer & Smith, of Clarksdale, Miss., and Sivley, Evans & McCadden, of Memphis, Tenn., on the brief), for appellant.

P. H. Lowrey, of Marks, Miss., and Wm. P. Metcalf, of Memphis, Tenn. (Metcalf, Metcalf & Apperson, of Memphis, Tenn., and Lowrey & Lamb, of Marks, Miss., on the brief), for appellees.

MOORMAN, Circuit Judge (after stating the facts as above). It is the contention of appellant that the lower court should have dismissed this action because of the pendency of the chancery court action in Mississippi. The basis of this contention is, of course, the jurisdiction of the Mississippi court over the subject-matter and parties here involved. This is claimed upon the ground that that proceeding was an action in rem, it being conceded that if it was in personam, there was no valid service, and the federal court, neither by comity nor otherwise, was bound to take notice of the proceeding. Automotive Corporation v. Wolverine, etc., Co., 15 F.(2d) 745 (6 C. C. A.); Grannis v. Ordean, 234 U. S. 385, 34 S. Ct. 779, 58 L. Ed. 1363. It is doubtful that there was such publication in that case, under the Mississippi statutes, as brought the nonresident defendants therein before the court, even if it was a case in which service by publication could have been had. We pass that question, though, as well as other questions that are raised by the appellees, such as whether the two courts are courts of concurrent jurisdiction, or whether the suits are seeking the same relief,[1] and proceed to consider the Mississippi case from the substantial aspects of its character.

■■ It is a settled rule that the aims and objects of an action determine its character, and that a proceeding which aims at the person of the defendant and not at his property or some other thing within the power or jurisdiction of the court is not an action in rem. Tested by this rule, we have no doubt that the chancery court action was in personam. The

---

[1] See, in this connection, Buck v. Colbath, 3 Wall (70 U. S.) 334, 18 L. Ed. 257; Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383; and Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821.

844

bill in that case asserted a claim for damages as a set-off against the damages recovered or recoverable under the replevin judgment, alleged that the judgment of restoration had been satisfied, and then asked the court to determine who owned the machine as between the Austin Company and Jepson. Looking to the averments of the bill rather than to its prayer, we observe that the plaintiffs claimed no interest in the machine, that the Austin Company did not claim it, and the only person who did claim it was Jepson. Jepson's claim was based upon the tax levy and sale, which might have passed the title, even though the prior execution levy effected a restoration. Furthermore, if there was a restoration under the execution levy, as plaintiffs alleged and still claim, they had no interest in the machine to be protected by the court's taking control of it. One must have some substantial interest in or claim to the res in order to bring it into court. The averments of the chancery bill show that the plaintiffs therein had no such claim or interest. Their object, as appears from the bill, was not to assert a right to the machine, but to have adjudicated a personal claim, jurisdiction for which they sought to confer upon the court by bringing in the machine as the res. To permit them to fix the character of the action in such manner would be to give credit to a pretext as against the substance of the purpose which they sought.

Nor did the assertion of a claim for damages as a set-off against the judgment in the replevin suit make the proceeding one in rem. It cannot be denied that when the object of an action is to reach and dispose of property, or some interest therein, by enforcing a contract or a lien respecting it, or to partition it among different owners, the action is in rem and service by publication upon nonresident owners can be had. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. This has frequently been held in respect to real estate which has been proceeded against by one who has an interest in it and has brought it under the control of the court. We have been referred to no case, though, in which such service has been upheld in a personal action where the pretended res was a final judgment against the summoning party. The judgment in the replevin suit was final. There was no need to bring a suit to construe it or determine whether it had been performed. Moreover, the plaintiffs in the chancery suit had no interest in that judgment, other than to satisfy it. What they did have was a claim for damages which they could not assert in the replevin suit. By setting up the judgment in that suit in the chancery bill as a res, they

could not confer upon the court power to obtain jurisdiction of nonresident defendants by publication for the determination of a personal right—a claim for damages. That being the object of the chancery suit, it was not an action in rem or quasi in rem, and the district court was right in disregarding it.

We consider next the effect of the levy made under the execution of July 22, 1924. The statutes of Mississippi under which the replevin action was instituted provide (section 4234, Code 1906) that if the verdict be for defendant, and plaintiff has given bond for the property, the judgment shall be that the plaintiff and the surety on his bond shall "restore to the defendant the property, if to be had, or pay to him the value thereof and the damages for the wrongful suing out of the writ as assessed." The statutes also provide (section 4236, Code 1906) that the judgment may be enforced by execution, and when execution is issued, it is the duty of the sheriff to take the property and return it to the defendant, or if it cannot be had, to collect from the plaintiff and his surety the value thereof. The plaintiff in the replevin suit made no attempt at any time to return the machine to the Austin Company. It may be admitted, though, that in some circumstances restoration could be effected by the issuance of an execution on the judgment. That is also the method provided for collecting the money judgment if the property cannot be had. The contention of appellant is that the levy of the execution of July 22d resulted in a restoration. At that time, as when the replevin judgment was rendered five weeks before, the machine had been for some time abandoned upon the work, exposed to the elements, stripped of many of its parts, and was remote from a railway or other means of shipment. It had been used by the contracting company and then thus neglected for an aggregate period of more than eleven months. The return of the sheriff was for only "such of the property" and "such attachments" as could be found. The record does not disclose whether, in assessing the damages for the wrongful taking, these elements of abnormal depreciation were taken into consideration, but it is at least doubtful whether under such circumstances the replevin defendant was not entirely justified in refusing to accept the property and in treating the execution levy solely as the means of satisfying, as far as possible, the alternative money judgment. Hazlett v. Witherspoon (Miss.) 25 So. 150; Moody v. Citizens' Sav. & Inv. Co., 135 Miss. 403, 99 So. 817. If this question be open upon the record, we are met by the finding of

the court below, as a fact, that there was no restoration and the record reasonably sustains such finding. In addition, at the time of the levy of the execution the machine was in the possession of the sheriff under attachment levies which had been made upon it by creditors of the contracting company. The levy under those circumstances was at most but an assertion of a claim under the judgment as against the claims of the attaching creditors (Cahn, etc., v. Person, 56 Miss. 360); and while it may be that in a contest between the attaching creditors and the Austin Company the latter's claim would have been sustained and the attachment levies discharged, that company, nevertheless, was not bound to accept the machine subject to the burdens of litigating its claim thereto with others. No execution was thereafter issued upon the judgment, and pending the appeals therefrom the property was sold for taxes assessed against the contracting company, and delivery of possession was made to the purchaser. The result is there was not and could not have been a restoration within the meaning of the statute.

This is not an action, as appellant suggests, to reform a judgment, but is an action on a debt reduced to judgment. It is true that such an action cannot be maintained in another state unless there is a definite and absolute indebtedness, and accordingly, if the judgment is an alternative one, which can be satisfied either by the payment of money or the restoration of property, and both alternatives are still open, there is not a definite and absolute indebtedness. That was the ruling in Thorner v. Batory, 41 Md. 593, 20 Am. Rep. 74, and we have no occasion to question it, save as to its application. It is inapplicable here because the court found as a fact that the machine had not been returned, and that it was not possible to return it. Hence the other alternative, the money judgment, became a definite and unconditional indebtedness for which an action could be maintained. Smith v. Kander, 58 Mo. App. 61; Hays v. Merkle, 70 Mo. App. 509. It was maintainable, too, against the appellant alone. The judgment in the replevin suit was against appellant as well as the contracting company. It was not a joint judgment as in Gilman v. Rives, 10 Pet. 298, 9 L. Ed. 432, but under the laws of Mississippi was joint and several. National Surety Co. v. Leflore County (5 C. C. A.) 262 F. 325, 18 A. L. R. 269. Appellees could have enforced it by execution against the appellant alone. Walker v. Files, 94 Ark. 453, 127 S. W. 739; Williams v. Kennedy, 134 Ga. 339, 67 S. E. 821. We see no reason why they could not enforce it in an action at law in the same way.

The amount of recovery allowed by the district court was erroneous. The original judgment in the replevin suit was in the alternative. On appeal therefrom the judgment was affirmed as to the value assessment but was reversed as to the damages. Upon the second trial the jury, under instructions, reaffirmed the value finding, with interest amounting to $4,727, and fixed the damages for depreciation at $4,350. The judgment then stood, as if it had been originally rendered, for the return of the property, with damages for its detention, or, in case return could not be had, for its value, $43,500, with interest at 6 per cent. from the time of the taking. The property was not returned, and it is not possible to return it. The alternative is the payment of the value, with interest, and as this is a suit on the judgment, appellees were limited to a recovery of the $43,500, with interest from the date of the taking. Not having been brought under the jurisdiction of the chancery court, they have no interest in the $10,385.77 paid to the clerk of that court.

The judgment will be affirmed upon condition that appellee file in this court, within 60 days, a certified copy of a remittitur filed in the lower court remitting that part of the judgment herein in excess of $43,500, with interest thereon from August 14, 1923, lacking which the judgment will be reversed. In either event appellant will recover the costs of this court.