Martin, et al. *v.* Coker.

In Banc. Dec. 13, 1948.

(37 So. (2d) 772)

Albert **S. Johnston,** for appellants.

580

J. D. Stennis, Jr. and Thomas J. Wiltz, for appellee.

**Alexander, J.**

Coker sued in replevin for the possession of a tractor and a trailer. These units had been sold by Coker to Martin who borrowed the price from the Merchants National Bank of Mobile. The note evidencing such indebtedness was endorsed for accommodation by Coker, and provided for monthly installments of $375. It was secured by a chattel mortgage executed in Alabama.

Martin made several payments, some by mail and others by telegraph. Upon default the bank compelled Coker to pay the balance due and assigned the note and chattel mortgage to him. On November 12, 1947, Coker sued out a writ of replevin in Harrison County, Mississippi, where the property was located, making Martin a defendant. The sheriff seized the property and stored it with Dees Chevrolet Company. There being some question whether Coker had theretofore procured assignments from the bank, he dismissed the proceeding, took a non-suit, and paid the costs on November 18, 1947. Thereupon he filed a new suit in replevin against defendants, Martin, Rogers and the Dees Chevrolet Company. In the meantime it had been discovered that Martin had executed a bill of sale to Rogers, though both Martin and Rogers maintained claims to the property and refused to deliver same. All said defendants executed forthcoming bond with sureties and procured possession.

The record shows that at the time of the second seizure, despite efforts of Martin to make the account current, it

was in default. The chattel mortgage authorized the mortgagee upon default to take possession of the property, and after notice, to sell the same. Proceeds of the sale were to be applied "first to the payment of all costs of said sale, including a reasonable attorney's fee; second, to the payment of the amount due upon said note, and the interest thereon; and third, if any surplus remains, the same shall be paid over to the mortgagor." The note provided for acceleration of the entire unpaid balance.

There were several motions and demurrers filed by the defendants and error is predicated upon the court's action in overruling same. They will be later discussed. The Court granted a peremptory instruction to the jury to find for the plaintiff, appellee.

The Court granted the following instruction for the plaintiff:

. "The Court instructs the jury for the plaintiff that the form of your verdict should be: 'We, the jury, find for the plaintiff and fix the value of the property as follows: One 1944 used Mack Tractor (New White Motor No. 140 A 20364) (Formerly bearing Motor No. 120-106 50), Chassis No. EHT-1S2430, at $—— and One 1944 Kingham Refrigerated Van Trailer, Model R-30, Serial No. 15685, at $——.' " The verdict of the jury followed the form there suggested and found the value of the two units to be $4,000.00. The judgment stated:

"It is therefore considered and so ordered by the Court that said plaintiff, Perry Coker, do have and recover of and from said defendants, James C. Martin and/or Ward C. Rogers and/or Dees Chevrolet Company, Inc , the possession of said above described personal property, if to be had, or in lieu thereof, if not to be had, that the said plaintiff do have and recover of and from the said defendants, James C. Martin, Ward C. Rogers, and Dees Chevrolet Company, Inc., and Roy Rosalis, Armindo O. Soares, and Elmer Williams, sureties, on said defendants forthcoming bond filed in this cause, the said sum of Four Thousand No/100 Dollars ($4,000.00), the value of said

above described personal property, as fixed by the verdict of the jury in this cause, together with legal interest on said sum from this date, and all costs in this behalf expended, which costs to be taxed, for all of which let proper process issue.''

There are sixteen separate assignments of error. Most of these may be summarily disposed of.

The first assignment is the Court's refusal to quash the writ on the grounds (1) the property was in custodia legis, (2) the defendants must be parties in possession, (3) the defendants may not be designated as joint and several by the symbol ''and/or'' and (4) there was no precedent demand. ██ The property was not in custoida legis at the time of the second seizure, the first writ having been dismissed and non-suit taken and costs paid. ██ The giving of bond by all the defendants admitted possession. ██ The defendants were not improperly joined or designated as such. ██ Demand, even if necessary, had been made by filing the first suit and in the subsequent negotiations. We do not therefore take into account the provision of the mortgage that said property may be sold without taking possession, and the provision of the note waiving presentment and demand. The defendants stood alone on the pleadings to support their motion.

The next five assignments attack the Court's orders overruling the several demurrers. We do not think it would be helpful to elaborate these grounds. Suffice it to state that the declaration stated a valid cause of action, especially in view of the fact that ██ the affidavit is part of the record and can be noticed upon demurrer. Newell v. Newell, 34 Miss. 385.

██ The seventh assignment concerns the overruling of plaintiff's motion to quash certain interrogatories addressed to the non-resident plaintiff and to his attorneys. There was no error here. Without considering the right to direct interrogatories to the attorneys for the non-resident plaintiff under Code 1942, Section 1712, it is

enough to state that the interrogatories were filed January 16, 1948, and the trial was had on January 23rd following, at which time the plaintiff was in court and testified in the cause. Motion to suppress was not filed until after plaintiff so appeared.

The eighth assignment relates to the alleged refusal by the court to allow defendants to show a consistent practice by the bank to accept payments remitted by postal money order and by telegraph. In view of the fact that defendants were in default at the time of the seizure, this assignment is without merit.

The following six assignments are directed to the refusal of a directed verdict for the defendants, the granting of a peremptory instruction for plaintiff and the contention that the verdict was contrary to the overwhelming weight of the evidence. These assignments raise points already disposed of.

In the fifteenth assignment the appellants attain secure ground. The contention is made that the plaintiff was at most entitled to a judgment in the alternative for a return of the property or the value of his limited interest therein measured by the balance due with interest and damages. Code 1942, Section 2860, supports this contention. The terms of the mortgage and our decisions lend additional weight thereto.

The exact amount of the balance due appellee is not satisfactorily shown, owing to the necessity for computing interest or damages if any. The defendants are not privileged to claim an acquittance upon the redelivery of property if it has deteriorated by use pending conclusion of the litigation. Moody v. Citizens' Sav. & Investment Co., 135 Miss. 403, 99 So. 817. On the other hand, the plaintiff is without right to fix the value of the property as liquidated damages for default without regard to the extent of his interest therein.

We affirm the Court's action in awarding judgment for the plaintiff upon his right of possession, but must reverse and remand the cause for a proper determination,

under appropriate instructions of the several elements which go to make up the extent of the interest of the plaintiff, who must deal with the property as security therefor. Bates v. Snider, 59 Miss. 497; Bond v. Griffin, 74 Miss. 599, 22 So. 187; Hill v. Petty, 111 Miss. 665, 71 So. 910; Evans v. Junius Hart Piano House, 140 Miss. 467, 106 So. 9; Tufts v. Stone, 70 Miss. 54, 11 So. 792; Commercial Credit Co. v. Spence, 185 Miss. 293, 184 So. 439; Fanning v. C. I. T. Corp., 187 Miss. 45, 46, 192 So. 41. Compare Dederick v. Wolfe, 68 Miss. 500, 9 So. 350, 24 Am. St. Rep. 283; Ross-Meehan Brake etc. Co. v. Pascagoula Ice Co., 72 Miss. 608, 18 So. 364; Bankston v. Holl, 134 Miss. 288, 98 So. 689, 37 A. L. R. 88; Ellis-Jones Drug Co. v. Coker, 156 Miss. 775, 125 So. 826, 127 So. 283.

Judgment accordingly.