## AMMONS v. WILSON & Co.

(Division B. Oct. 26, 1936. Suggestion of Error Overruled Dec. 7, 1936.)

[170 So. 227. No. 32276.]

Sillers & Roberts, of Rosedale, for appellant.

Shands, Elmore, Hallam & Causey, of Cleveland, for the appellee.

Argued orally by **W. C. Roberts**, for appellant, and by **Dugas Shands**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Bolivar county against appellee, a Delaware corporation engaged in the meat packing business with its principal office at a Kansas City, Kansas, to recover the sum of six hundred and fifty-eight dollars and seventy-four cents —damages claimed by appellant and alleged to have been caused by appellee's breach of contract to ship appellant nine hundred and forty-two cases of shortening. Appellant testified in his own behalf, and was the only witness who testified in the case. At the conclusion of the evidence, on appellee's motion, the court excluded it and directed a verdict and judgment for appellee which were accordingly entered. From that judgment appellant prosecutes this appeal.

Appellant was engaged in the wholesale grocery business at Beulah in Bolivar county Appellee, as stated, was engaged in the business of meat packing, part of which was the manufacture and sale of shortening. Appellant made the following case by his evidence: Appellee had one Tweedy as its traveling salesman in the territory including Bolivar County. On or about the 9th, 10th, or 11th of August, 1934 (appellant could not make it more definite in his testimony), Tweedy "booked" him for sixty thousand pounds of shortening at seven and one-half cents per pound tierce basis. The

booking meant nothing more than the appellee was willing to receive orders from appellant for shortening up to that amount at seven and one-half cents per pound tierce basis, such orders subject to acceptance by appellee, and that by the booking appellant was not bound to order all or any part of the sixty thousand pounds, nor was appellee bound to accept orders for all or any part thereof. In other words, the evidence showed that the booking neither constituted a contract nor an absolute offer to contract—it was merely tentative. On the 23rd and 24th of August appellant, through appellee's traveling salesman Tweedy, ordered for prompt shipment nine hundred and forty-two cases of shortening, aggregating forty-three thousand, nine hundred and sixteen pounds. These orders were sent in by Tweedy. Appellant heard nothing from them until the 4th of September following, when he was advised by appellee, in response to his inquiry as to when the shipment would be made, that the orders had been declined. At that time the price of shortening was nine cents instead of seven and one-half cents a pound. In other words, appellee waited twelve days from the time the orders were given before declining to accept them. Tweedy had represented appellee in that territory for six or eight months, and during that time he had taken several orders from appellant for certain of appellee's products, which orders in every case had been accepted and shipped not later than one week from the time they were given.

The orders here involved, as well as prior ones, were in writing and contained this provision: "This order taken subject to acceptance by seller's authorized agent at point of shipment." Under this stipulation the orders constituted mere offers to purchase on appellant's part and were not binding on appellee until received and accepted. It is also true, as contended by appellee, that its traveling saleman Tweedy was without authority to make a binding contract for it. The extent of his authority

was to solicit and transmit orders to his principal for approval. Becker Co. v. Clardy, 96 Miss. 301, 51 So. 211, Ann. Cas. 1912B, 355; Cape County Savings Bank v. Grocery Co., 123 Miss. 443, 86 So. 275; Fairbanks Morse & Co. v. Dale & Co., 172 Miss. 271, 159 So. 859.

The question in the case is whether or not, under the law, appellee should be charged with an implied acceptance of the orders by its silence. As above stated, all of appellant's previous orders had been accepted and the goods shipped not later than a week from the giving of such orders, while appellee was silent for twelve days after the giving of the orders here involved, and then refused to accept them in response to appellant's request for shipment. We think the sound governing principles are laid down in Restatement, Contracts, subsection 1 (c) of section 72, the applicable part of which is as follows:

"(1) Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance in the following cases and in no others: . . .

"(c) Where because of previous dealings or otherwise, the offeree has given the offeror reason to understand that the silence of inaction is intended by the offeree as a manifestation of assent, and the offeror does so understand."

"Illustration of Subsection (1, c): 5. A, through salesmen, has frequently solicited orders for goods from B, the orders to be subject to A's personal approval. In every case A has shipped the goods ordered within a week and without other notification to B than billing the goods to him. A's salesman solicits and receives another order from B. A receives the order and remains silent. B relies on the order and forbears to buy elsewhere for a week. A is bound to fill the order."

We are not aware of any decisions of our court in conflict with these principles; certainly those relied on by appellee are not.

We are of the opinion that it was a question for the jury whether or not appellee's delay of twelve days before rejecting the orders, in view of the past history of such transactions between the parties, including the booking, constituted an implied acceptance. The evidence was rather uncertain as to the damages suffered by appellant on account of the alleged breach of the contract. If there was a breach, appellant was entitled to at least nominal damages. If there were actual damages, it devolves on appellant to trace them directly to the breach of the contract and make them definite enough to comply with the governing rules of law.

Reversed and remanded.