FANNING *v.* C. I. T. CORPORATION.

(Division A.   Nov. 20, 1939.)

[192 So. 41.   No. 33883.]

**J. M. Travis,** of Meridian, and **J. A. McFarland,** of Bay Springs, for appellant.

**Deavours & Hilbun,** of Laurel, for appellee.

Argued orally by **J. M. Travis,** for appellant, and by **Henry Hilbun,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

The record in this case is in confusion, and is obscure in several material particulars. As happens sometimes when a small amount is involved, the case, apparently, was tried in a hurry, and it has been difficult for us to work out what is actually presented for decision.

A peremptory instruction was granted appellee; and in reviewing the propriety thereof, all the believable, direct evidence in behalf of appellant must be taken as true, together with all the reasonable inferences in behalf of appellant that may be drawn from the said direct evidence. Upon that view of the record, the following, so far as we can tell, are the pertinent facts:

A dealer in Terraplane automobiles sold a new automobile of that make to one Goss, who made a cash payment, and for the balance of the purchase price executed an installment payment, conditional sales, contract by which the purchaser agreed to pay the balance in twenty-four monthly installments of $28.93 each, with title retained in the seller to secure the stipulated payments. Immediately thereafter the dealer assigned this conditional sales contract to appellee.

After Goss had kept the car for about sixty days, it was repossessed, and, with the knowledge of appellee, was again placed in the possession of the dealer for sale. After it had remained for more than thirty days in the possession of the dealer for resale, appellant, acting through her husband and agent, went to the place of business of the dealer to purchase an automobile and was shown this car, and agreed to purchase it. The terms agreed on were that appellant was to pay cash, $169.93, and the balance in fifteen monthly installments of $28.93 each; and a written memorandum was handed to appellant by the salesman in charge showing the terms as stated. Appellant paid the $169.93 and signed a conditional, sales contract and a transfer agreement in blank, and the automobile was delivered to her. This conditional sales contract was thence transmitted to appellee, apparently as if in the place and stead of the original sales contract.

When appellant had paid the fifteen monthly installments of $28.93, and when according to her understanding the contract was fully paid out, appellee demanded further payments of six additional installments of $28.93

each, and the conditional sales contract signed by appellant was produced which showed that the blanks in the contract had been filled out for twenty-one monthly installments of $28.93 each, instead of fifteen installments of that amount each, as outlined in the aforementioned memorandum. Appellant declined to pay the additional sums demanded, and appellee instituted an action in replevin and recovered therein on a peremptory instruction, as already stated.

The first contention of appellant is that one of the assigned contracts to appellee carried the stipulation that it was to be of no effect until the written assent of the appellee corporation had been endorsed thereon, and that there was no such endorsement. The rule is that acceptance of a contract as binding upon a party may be shown by his actions, and any definite and unequivocal course of conduct disclosing that the party has acceded or assented to it, is as binding on him as had he endorsed his assent in formal writing. And although he may have stipulated that the contract shall not be binding on him until formally accepted by him in writing, that stipulation may be waived by him and is waived when he acts upon and under the contract by conduct of the nature aforementioned. 1 Restatement, Contracts, sec. 21 et seq. The conduct of appellee, as shown by the undisputed testimony, brings the contracts within the stated rule.

The introduction of the ledger sheets of appellee may not have been permissible from a technical standpoint, but it was harmless as against appellant, since the monthly payments shown thereby to have been made by appellant corresponded with appellant's own testimony in that regard.

The real questions in this case concern themselves with the filling in of the blanks in the contract, these insertions having been made after signing. The manager of the dealer testified that the blanks had been filled when the contracts were signed; but that testimony disappears when considering a peremptory instruction, for in that

situation the testimony of appellant's agent that they were in blank when signed must be accepted as true.

As between the parties to a contract signed in blank by one party and left with the other party to be filled, the blanks must be filled in conformity to the agreement made between the parties and is not otherwise effective; but when a party with the intent to execute a contract delivers to another an instrument with blanks to be filled and such other has authority either expressly given or implied by law to complete the instrument, such instrument is enforceable in the hands of a holder for value and without notice, notwithstanding the blanks have been filled in a manner violative of the authority conferred. 2 C. J., pp. 1242, 1252.

In order, however, that a party may, under the stated rule, avail of the advantages of the position of a holder for value without notice, it is necessary, in accordance with familiar principles that he shall make the affimative showing of the facts which entitle him to that position. Accepting as true the testimony in behalf of appellant that the contracts were in blank when signed by her, there is no showing when thereafter they were filled out or by whom or whether they were not still in blank when they reached the office of appellee.

Much is said in the argument about the contention that the dealer in making this resale was acting as the agent for appellee. Agency is not to be proved by the declarations of the alleged agent made out of court, nor is the want of agency conclusively proved by the assertions of witnesses in court. The facts as regard the conduct of the parties, the factual circumstances surrounding the transaction, are often more persuasive than words, even when uttered in court. It is sometimes the case that a principal will deny that the agent was his agent, and the agent will corroborate him, but when the full facts are developed the agency will sufficiently appear as a matter of law.

It has already been mentioned that the automobile

here in question had been repossessed and had remained, after its repossession, for some month or so in the hands of the dealer for resale. There is the general rule that when the owner of a chattel has left that chattel in the hands of a dealer dealing with the public in the sale of chattels of that kind and class, with the understanding that the chattel shall be sold by the dealer as if a part of the stock of the dealer in his business as a dealer, the owner has thereby clothed the dealer with authority to make the sale in the same manner and with the same consequences, so far as the purchaser is concerned, as had the dealer himself owned the property. The rule falls within the principles as illustrated by such cases as Galbraith v. Weber, 58 Wash. 132, 107 P. 1050, 28 L. R. A. (N. S.), 341, and by the text and many cited cases in 55 C. J., pp. 638 et seq.

But the facts were not sufficiently developed to enable us to see whether the above principle would be applicable to the present case. The facts were not sufficiently developed to justify any conclusion on the question of agency one way or another, not only whether upon the stated principle but whether upon some other established principle in that department of the law. All we can at this time say, therefore, is that under the record as it now stands the court should not have excluded the aforementioned memorandum of the terms of the trade and should not have granted the peremptory instruction.

The contention of the appellant that the judgment is erroneous in form and contents is well taken. The judgment which was entered was as if appellee was and had been the full owner of the automobile, whereas the title and ownership of appellee therein was limited in its nature and was only by way of security for the payment of any balance due on the purchase price. See Roberts v. International Harvester Co., 181 Miss. 440, 454, 179 So. 745, 180 So. 747. The judgment which was entered allows appellee to recover from appellant and her sureties more than the balance of the amount due by appellant,

even if the peremptory instruction on liability had been correct. In fact, the judgment does not fix the amount due by appellant, which is, of course, the extent of appellee's interest. Bond v. Griffin, 74 Miss. 599, 608, 22 So. 187.

Reversed and remanded.