CAUTHEN *v.* NATIONAL BANKERS LIFE INSURANCE COMPANY

No. 40197          June 11, 1956          88 So. 2d 103

412

*Kellner & Kellner,* Greenville, for appellant.

413

*Ira Pittman, Jr., Joseph E. Wroten,* Greenville, for appellee.

LEE, J.

Mrs. T. T. Cauthen, widow and sole heir-at-law of T. T. Cauthen, deceased, sued National Bankers Life Insur-

ance Company, under its policy No. 354307 issued to her husband, to recover for hospital and surgical expenses.

The declaration charged that T. T. Cauthen, on June 23, 1953, applied to the defendant for the policy, paying a registration fee of $6 and six months premium of $36.40; that the authorized agent of the defendant issued to him a receipt in the following words and figures to wit:

"DATE    6-23-53

"Received of T. T. Cauthen

the sum of forty-two & 40/100 Dollars, $42.40 for Registration Fee and six months premium, with application for policy H1-80. If for any reason the application is not approved and policy issued, this payment is to be refunded. No liability is created or assumed by the Company, except for refund of this payment, until the policy applied for has been issued." It was further charged that her intestate, T. T. Cauthen, thereafter repeatedly demanded the issuance of the policy or the refund of his money; that finally on October 12, 1953, the defendant issued and delivered the policy, but dated it October 12, instead of June 23; and that thereafter, on January 9, 1954, Cauthen was operated on, when it was discovered that he had carcinoma of the pancreas, from which he subsequently died on June 3, 1954. The sum demanded was the value of surgical and hospital expenses during that period.

A copy of the policy was attached to the declaration. It showed the effective date of the policy as October 12, 1953, and that the initial term, for which the payment of $42.40 was made, expired April 12, 1954. Section 2 of the limitations and exclusions provided, "Any loss or disability resulting wholly or partly in or from * * * cancer * * * shall be covered only if the cause therefor originates after this policy has been in continuous force

for the preceding six months * * *'' By Section 3 thereof, there was a like provision as to surgical operations.

The defendant demurred to the declaration on the ground that it failed to state a cause of action, because there was no obligation on it to issue the policy prior to the effective date; and that the suit was brought by the widow, not by an administrator or personal representative.

The demurrer was sustained; and the plaintiff failing to amend her declaration, final judgment was entered for the defendant. Mrs. Cauthen appealed.

The appellant contends that when the application of her intestate was accepted, the policy should have borne the date of June 23 instead of October 12, and that the delay prevented him from obtaining other insurance.

██ ██ The contract measures the rights of the parties. This is especially true, unless the contractual provisions are contrary to law or public policy. Lavender v. Volunteer State Insurance Company, 171 Miss. 169, 157 So. 101; New York Life Insurance Company v. Ware, 171 Miss. 341, 157 So. 359, 157 So. 894. ██ ██ The parties may agree as to the effective date of the policy, or that such date shall be prior to the actual execution or issuance thereof. 44 C. J. S., Insurance, Section 223, p. 930.

██ ██ * * * a mere delay in acting upon an application does not work an implied acceptance where the application or premium receipt expressly stipulates that actual acceptance is necessary to a completion of the contract. * * *'' 29 Am. Jur., Section 141, pp. 155-156. ''* * * However, it is sometimes expressly and validly stipulated that the contract of insurance shall not take effect until the instrument is executed and delivered. * * *'' Ib. Section 146, p. 162. ██ ██ ''* * *It is undoubtedly true, on the other hand, that until delivery of a policy there is no contract of insurance, in the absence of any agreement for insurance prior to the policy, or at least the contract is prima facie incomplete. * * *

Accordingly, where an applicant for life insurance agreed that the policy should not take effect until issued and delivered, the approval of the application and execution of the policy by the insurer creates no liability, in default of its actual delivery. * * *'' Ib. Section 147, pp. 163-164.

■■ The receipt provided for the refund of the payment, if for any reason, the application was not approved. It also expressly provided that ''No liability is created or assumed by the company, except for refund of this payment, until the policy applied for has been issued.''

In accepting the receipt, the deceased clearly agreed that the defendant did not assume any liability under the policy until it had been issued; and it was not issued until October 12, 1953.

■■ In Savage v. Prudential Life Insurance Company, 154 Miss. 89, 121 So. 487, Abernathy, the deceased, applied for insurance, the premium on which amounted to $242.30. The company declined to issue the policies, as applied for, but did issue policies on which the premium amounted to $426.80. However, due to the absence of the local agent from town, the policies, as written, were not delivered and paid for; and in the meantime, the applicant was found dead with bullet holes in his head, fifty-two days from the date of his application. The action was in tort against the insurance company to recover for its alleged negligence in failing to act upon and approve the application, or notify him within a reasonable time of its rejection. The Court held that the company was under no legal duty to write the insurance; and that ''* * * the application was taken on the direct and positive offer of the applicant not to impose any liability upon the insurance company until the policy had been issued and delivered to him, and the premium had been paid therefor, he being in good health, etc.

* * *'' Hence the Court refused to create for the appellant a right which did not exist under the contract. In addition the opinion observed that, ''* * * if the insurance policies were unduly delayed, as claimed by appellant's intestate, he was at perfect liberty to seek insurance elsewhere, and was under no obligation to the insurance company, nor was the insurance company under any obligation to him, in the state of facts presented here.* * *''

The principle in the above case from this jurisdiction is sufficient authority to reject both of the appellant's contentions. While the company had the applicant's money, obviously the delay was so protracted that he could have required its refund.

Thus the policy did not go into effect until October 12, 1953. Since the cancerous condition was discovered on January 9, 1954, liability for surgical and hospital expenses on that account was excluded by the six month limitation and exclusion provisions of the policy.

The appellant relies largely on the statement in 29 Am. Jur., Insurance, Section 144, pp. 160-161. However, the topic there discussed has reference to binding slips, interim receipts and temporary insurance, and is not in point on the question here.

It is not necessary, in the decision of this case, to determine whether or not the appellant, as widow and sole heir, was entitled to bring this suit.

It follows from what has been said above that the judgment of the circuit court must be affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.