LINCOLN INCOME LIFE INSURANCE COMPANY, Appellant,

v.

Mattie P. MAYBERRY, Appellee.

No. 5434.

Court of Civil Appeals of Texas.

El Paso.

Nov. 23, 1960.

Rehearing Denied Dec. 14, 1960.

**200** ◼ ▬▬▬▬▬▬▬

Turpin, Kerr, Smith & Dyer and Max N. Osborn, Midland, for appellant.

Culver & Culver, Midland, for appellee.

ABBOTT, Justice.

This was a suit on a non-medical life insurance policy. The insurance application was taken on August 15, 1958, covering an eight-day-old female child, and naming appellee as beneficiary. At the time of the application, the child was in good health. A weekly premium of 46 cents was collected at the time of the application; another premium paid on August 22, 1958, and the third premium paid on September 1, 1958. The baby was admitted to a hospital on September 1, 1958, at about 3:30 A.M., and died two days later. A claim was filed by appellee, and appellant denied such claim, contending that the baby was not in good health on the date of delivery of the policy and therefore, the policy was voidable under its own terms. The jury found that the baby was in sound health on the date of issue of the policy (September 1, 1958), and further awarded appellee attorney's fees and a twelve per cent penalty, as provided by Article 3.62 of the Insurance Code of the State of Texas, V.A.T.S. From this judgment appellant has perfected its appeal, and is properly before this court, bringing nine assignments of error. We

shall group our discussion of those assignments as appellant has done in its brief.

The first three errors complained of are to the failure of the trial court to grant appellant's motion for an instructed verdict, in that the evidence showed conclusively that the insured was not in good health at the time the policy was delivered, and that there was no evidence of probative force that insured was in sound health on the date the policy was issued, which was a condition precedent to the policy becoming effective, and that no waiver or estoppel of these defenses was raised by the pleadings and evidence.

We believe that the following provisions of the policy must be considered:

"Lincoln Income Life Insurance Co.
Louisville, Ky.
(herein called the Company)

"Will Pay the amount of Insurance specified in the schedule on page four of this policy immediately upon receipt of due proof of the death of the Insured and the surrender of this Policy and Receipt Book, to the Beneficiary, unless payment be made under the 'Facility of Payment clause,' subject to the conditions, provisions and privileges contained on this and the following pages hereof, which are hereby made a part of this Contract and constitute the entire contract between the parties hereto.

\*   \*   \*   \*   \*   \*

"Consideration—This Contract is made in consideration of the delivery of this Policy during the lifetime and good health of the Insured and the payment of the premium stipulated herein on or before every Monday during the continuance thereof, or until twenty full years' premiums have been paid. All premiums are payable each week in advance at the Home Office of the Company in Louisville, Kentucky, or to an authorized representative there-

of, subject to the conditions of the Policy. Failure of an agent to collect any premium when due will not excuse the non-payment thereof. If any premium is not paid when due, this Policy is null and void except as to the Grace Period and Non-forfeiture Benefits.

\*    \*    \*    \*    \*    \*

"Schedule

| Name of Insured | Beneficiary | | | | | Debit |
|---|---|---|---|---|---|---|
| Vickie R Wallace | Mattie P Maberry | | | | | 19 |

| | | Age next | Amount of Premium | | | Date of Issue | | | |
|---|---|---|---|---|---|---|---|---|---|
| -J | 4157696 | 1 | 1000 | 46 | 14 | 9 | 01 | 58 | 61 |
| Policy Number | | Birthday | Insurance | | Plan | Month | Day | Year | District |

"Provided this contract is issued at an age under age 5 next birthday then should death occur the amount of insurance payable will be in accordance with the schedule below, which is based on a premium of 5c.

| "Age Next Birthday | Under 1 year | 1 year | 2 years |
|---|---|---|---|
| 1 | $ 23 | $ 46 | $ 69 |
| 2 | 46 | 69 | 92 |
| 3 | 69 | 92 | 115 |
| 4 | 92 | 115 | |

Effective on the Date of Issue, the Amount of Insurance stated above is in full benefit and this schedule is hereby voided.

    "(Signed) L. A. Olges

---

"When Policy Is Voidable—This policy shall be voidable by the Company if on its date of issue the Insured is not in sound health, or if prior to said date, the Insured was rejected for life insurance by this or any other insurer, unless reference to such prior rejection is endorsed on this policy by the Company; provided, however, this 'voiding clause' shall not be effective after this Policy becomes incontestable. If this policy does not take effect, or is voided by the Company, the Company will return, without interest, the premium paid. If the Insured, within two years from the date of issue hereof, die by his own hand or act, whether sane or insane, this policy shall be null and void, and the Company's liability hereunder shall be limited to the return of the premiums, without interest, to the beneficiary."

"Limitation On Agents' Authority. Alterations And Waivers—No agent, or other person, other than the President or Secretary of the Company, is authorized to make or discharge Contracts, or to alter, change, modify or waive any of the terms and conditions of this policy or any endorsement hereon, or to waive any forfeiture of this policy, or to extend the time for the payment of any premium or other moneys due the Company, or to bind the Company by making any statement or promise not contained in this policy. No such change, alteration, modification, waiver, election, extension, statement or promise shall be valid unless it is made in writing and signed by one of the aforesaid officers of the Company. No notice to or knowledge of, any agent or medical examiner, or other person, whenever given or acquired, shall operate as a waiver of any forfeiture of this policy or of any of its terms and conditions or of any breach thereof, whenever occurring, or preclude the Company from relying on

any such forfeiture, terms and conditions or breach; nor shall any such person have power to bind the Company by making any representation or receiving any information. The acceptance of this policy is taken as evidence by the Company that it has been applied for, read, understood and accepted in good faith."

It will be noted that the date of issue of the policy was September 1, 1958 (no specific time); the consideration stated that the contract was made in consideration of the delivery of the policy during the lifetime and good health of the insured and payment of the premiums on or before the due date, and that three weekly premiums had been paid in advance, the first day of earned premium being September 1, 1958.

It is apparent that the pleadings, evidence and insurance raise the question of which of the above is the controlling date and time. There is no question but what September 1st consists of the time between 12:01 A.M. and 12:00 midnight. The premium was paid for the entire twenty-four hours of that date. The policy was delivered to the beneficiary sometime between 9:00 A.M. and 10:00 A.M. on September 1st, and there was no inquiry as to the health of the insured at that time. However, the insured was in the hospital some 150 miles away, and the testimony indicates that the insured was ill at that time. If we are to construe the meaning of the delivery date of this policy as appellant contends it should be construed, then we must assume that the effective date of the policy would have been September 2, 1958, in that the insurance company could not determine the health of the insured until the entire date of issuance and delivery had passed. At any rate, by the policy's terms, the delivering agent could not have changed the date from September 1, 1958 under the clause of the policy entitled "Limitation of Agents' Authority. Alterations and Waivers." There can be no question but that the insurance company can provide that the poli-

cy shall not be effective unless the insured is in good health at the time of its issuance, or upon its date, or at the time or date of delivery; but we believe that one of the above indicated specific times must be chosen, and that the insurance company cannot take advantage of all of them. Commercial Travelers Casualty Co. v. Biscamp, Tex.Civ.App., 310 S.W.2d 674. As has been stated by our courts many times, the rule is "that contracts of insurance are to be strictly construed in favor of the insured." 24-B Tex.Jur. 87, sec. 26. It has often been held that where the policy requires manual delivery to become effective, actual manual delivery is required; but that where delivery is a prerequisite, the delivery of the policy to its agent is constructive delivery. Smith v. Rio Grande Nat. Life Ins. Co., Tex.Civ.App., 227 S.W. 2d 579; 145 A.L.R. 1434, 1447. Since, in the case at bar, the only duty of the agent was the delivery of the policy (not manual delivery), we believe that the above citations are controlling, and that a constructive delivery was effected when the agent received the policy for delivery. Believing this to be correct, our problem then becomes one of the date of issuance.

From the date of the policy itself, the date of issuance was September 1, 1958, and we hold this to include the entire period of that date.

The jury found, from the evidence, that the insured was in sound health on September 1, 1958. There was evidence that the insured was in sound health until just prior to 3:30 A.M. on that date. There was other evidence that the insured could not have been in sound health on any part of September 1st, this information having been given by a nurse and two doctors. "Sound health" was adequately defined by the trial court in its instructions, and we believe that the jury had sufficient evidence to find as it did. Having found sufficient evidence, this court will not change the findings of the jury. The appellant's first three points of error are overruled.

Appellant's fourth assignment of error is to the failure of the trial court to grant appellant's motion for judgment non obstante veredicto, as the jury's answers established that there was no waiver or estoppel to assert defenses established, and that there was no jury finding that the insured was in sound health the entire day of September 1, 1958. We cannot agree with appellant's contention. As discussed under the first group of issues, we believe that, as a matter of law, the delivery requirement was complied with, and that September 1, 1958 included the entire 24-hour period. Point 4 is overruled.

Appellant's fifth point, as to the evidence of good health, has been discussed as to the sufficiency of the evidence, and we believe there to be sufficient evidence to support the jury's findings. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345; Clark v. Nat. Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820; Universal Life & Accident Ins. Co. v. Burden, Tex.Civ. App., 294 S.W.2d 855; Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943. Appellant's fifth assignment of error is overruled.

Appellant's sixth, seventh, eighth and ninth points are directed to the submission of special issues as to the sound health of insured during the entirety of September 1, 1958, and the instructions from the court that September 1, 1958 included all of the 24-hour period; in submitting words stamped on the policy as to the effective date of the policy; and the failure to submit appellant's requested issue inquiring as to insured's health at the time of delivery.

We believe there to be no error in the court's taking judicial notice that September 1, 1958 extended from 12:01 A.M. to 12:00 midnight of that date. We have discussed the other points raised in these last four points of error, and find no merit in them.

Having overruled all of appellant's assignments of error, we affirm the judgment of the trial court in its entirety.