PRUDENCE MUTUAL CASUALTY INSURANCE CO. *v.* SWITZER

No. 43509          May 17, 1965          175 So. 2d 476

144

*Watkins, Pyle, Edwards & Ludlam, Robert H. Weaver,* Jackson, for appellant.

*Montgomery & Varnado,* Belzoni; *Henley, Jones & Henley, Richard M. Edmonson,* Jackson, for appellee.

146

BRADY, TOM P., J.

This is an appeal from a judgment of the Circuit Court of Humphreys County, Mississippi in favor of the appellee, Mrs. Mervin Crawford Switzer, against the appellant, Prudence Mutual Casualty Company. The judgment was for the sum of $10,000 for the accidental death of appellee's husband under the provisions of an accident insurance policy issued by the appellant in which the appellee was named a beneficiary. The issue was

submitted to the jury and a verdict was returned in favor of the appellee, Mrs. Switzer. It is from this judgment that the appellant has appealed.

The material facts in the case at bar are not in dispute, and briefly are these: On January 16, 1963, Mr. B. J. Burgess, a soliciting agent of the Prudence Mutual Casualty Company, hereinafter called Prudence, contacted Mr. William A. Switzer, Jr., and prevailed upon him to submit an application for a health and accident insurance policy. This policy was an accident policy in the amount of $5,000 and provided for double indemnity in the event of death resulting from an automobile accident. At the time Mr. Switzer signed the application for the insurance policy, he also issued his check to the appellant for a semi-annual premium in the amount of $131, receiving from Mr. Burgess a receipt for the premium payment. The receipt contained the following provision: "No obligation is incurred by the Company unless said application is approved by the Company at its Home Office and a contract issued and delivered during the lifetime and good health of the applicant." The check was deposited on January 21, 1963, and was paid in the usual course of business.

Mr. Switzer's application was promptly mailed to the home office in Chicago. The policy was approved on February 7, with the effective date of February 8, 1963, being placed on it. The policy was mailed back to Jackson, Mississippi, where it was countersigned on February 17 by appellant's resident agent in Mississippi.

On February 23, the policy was picked up from the Jackson office by Mr. Burgess, the soliciting agent, in order to deliver it to Mr. Switzer. On February 27, still not having delivered the policy to Mr. Switzer, Mr. Burgess learned of Mr. Switzer's death, which had occurred on the previous day. Mr. Burgess immediately called the Jackson office and talked to the resident agent, who instructed him to mail the policy back to

Jackson. On February 28, two days subsequent to the death of Mr. Switzer, appellant's resident agent wrote a letter to Mr. Switzer advising him that his application for insurance had been declined.

Appellee, Mrs. Switzer, subsequently brought suit alleging that a valid contract of insurance had been consummated. Appellant admitted that it issued its policy pursuant to the application and admitted that the policy was duly countersigned by its resident agent in Mississippi and that the policy contained a notation that the effective date was February 8, 1963.

However, appellant relied on the provision in the premium receipt requiring delivery of the policy during the lifetime and good health of the applicant before any obligation was to be incurred by the company. Appellant contended that Mr. Burgess explained carefully to Mr. Switzer the significance of this provision. Mr. Burgess testified that he had underlined in pencil in Mr. Switzer's presence that portion of the receipt containing the requirement of delivering during the applicant's lifetime and in good health. Appellant asserts that the intention of the parties at the time the insurance application was submitted should control.

The case was submitted to the jury, which brought in a verdict for the appellee, with double indemnity, in the sum of $10,000. The appellant asserts that actual delivery of the policy during the lifetime and good health of the applicant was a condition precedent to any obligation of the company and cites as error that the lower court erred in overruling appellant's motion for a directed verdict; that the lower court erred in instructing the jury for the plaintiff that the premium receipt did not constitute any part of the contract in this case; and that the instructions granted the appellee, which in effect instructed the jury that the plaintiff was entitled to recovery if a constructive delivery

had been effected, were erroneous. Several other errors were assigned which we do not need to consider.

■■ We hold that in order for the "delivery in good health" requirement to be valid, such a provision must be contained in the policy, itself, or attached to the policy as part of the contract of insurance.

Mississippi Code Annotated section 5687-03 (1956), "Accident and sickness policy provisions," provides:

(A) Required provisions. Except as provided in paragraph (C) of this Section, each such policy delivered or issued for delivery to any person in this State shall contain the provisions specified in this subsection in the words in which the same appear in this Section . . . .

(1) A provision as follows:

Entire contract . . . . This policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance. . . .

This statutorily required provision was contained in Part 11 of appellant's insurance contract. The record discloses that the application for the insurance was attached and made a part of the policy. However, the premium receipt was not attached and thus was not made a part of the policy or a part of the contract of insurance.

■■ If the delivery in good health provision had been inserted in the application and the application was not attached to the policy, then under Mississippi Code Annotated section 5687-05(A) (1957) such provision would not be binding. See Scott v. National Bankers Life Ins. Co., 253 SW 2d 485 (Tex. Civ. App. 1952); Adams v. Lasalle Life Ins. Co., 99 SW 2d 386 (Tex. Civ. App. 1936); I Couch, Insurance 2d sec. 11.3 (1959).

■■ While the Legislature may have had many reasons for enacting the "entire contract" requirement provision, it is obvious that one purpose was to require that any agreements or conditions modifying insurer's

obligations must be included in the policy, itself, or attached thereto, and not contained in any collateral agreements or understandings. ■■ ■ The premium receipt urged by the appellant here does not fall within the sanction of this statutory requirement. It is outside of the intention of the Legislature. The application and the policy, itself, provided solely for the issuance of the policy and did not call for a manual delivery of the policy to the insured during his lifetime or good health. The requirement of delivery in good health is an attempt to modify the obligations of the insurer and, as such, falls without the spirit of section 5687-03(A)(1) that all such modifications be contained in, or attached to, the policy of insurance.

Appellant relies heavily on Cauthen v. National Bankers Life Insurance Company, 228 Miss. 411, 88 So. 2d 103 (1956). It is to be observed that this case was decided on June 11, 1956, prior to the effective date of section 5687-03, whose origin is chapter 330, Laws of 1956. Therefore, this case cannot be considered as construing that statute and determining legislative intent. The other cases relied upon by appellant are likewise inapplicable.

■■ ■ Even if the delivery in good health during the lifetime of the insured provision were binding, there has been compliance with this requirement because there was a constructive delivery of the policy prior to Mr. Switzer's death.

■■ ■ It is to be noted that the pertinent parts of the premium receipt state: "No obligation is incurred . . . unless said application is approved . . . and a contract issued and delivered during the lifetime and good health of the applicant." It is apparent that there are no absolute provisions requiring the actual physical or manual delivery of the policy. Furthermore, the provision does not state categorically that the policy shall be "delivered to me," "personally delivered" or

"delivered to the insured." Construing this condition strongly against the insurer, it seems that it can properly be implied that this provision permits a constructive delivery.

In the case of Lincoln Income Life Insurance Company v. Mayberry, 341 SW 2d 199 (Tex. Civ. App. 1960), the contract of insurance contained the provision requiring "the delivery of this Policy during the lifetime and good health of the Insured . . . ." The Texas Court held that this provision required only constructive delivery by the insurer to the insured, not actual manual delivery; and, according to the Texas Court, such constructive delivery was effected when the agent received the policy from the insurer for delivery to the insured.

The general rule is that "(W)here . . . there is no condition precedent to be performed before delivery and the policy is sent unconditionally to the company's agent to deliver the contract to the insured, the possession of the agent is that of the insured and no actual, manual delivery is necessary to bind the insurer on the risk." 1 Appleman, Insurance Law and Practice sec. 134, at 204 (rev. ed. 1965). This is also the rule in Mississippi. New York Life Ins. Co. v. Smith, 129 Miss. 544, 91 So. 456 (1922); Mutual Life Ins. Co. v. Shoemake, 126 Miss. 497, 89 So. 154 (1921); Alabama Gold Life Ins. Co. v. Herron, 56 Miss. 643 (1879). See Reese v. National Ins. Co., 175 F. 2d 793 (5th Cir. 1949).

In 44 C.J.S. *Insurance* section 265(a)(2) (1945), the rule is stated as:

(A)n agent of the company who receives a policy for unconditional delivery to insured is deemed an agent or trustee of insured to receive the policy for him, and his possession is regarded as the possession of insured, since it is permissible for an agent of

the company to act as the agent of both parties in the delivery of the policy.

In the Mississippi case of New York Life Insurance Company v. Smith, 129 Miss. 544, 91 So. 456 (1922), the insurance contract provided that the policy should not take effect until delivery to the insured in his lifetime while in good health. The application for insurance was accepted by the insurer and delivered to the insurer's soliciting agent to be delivered to the insured. The soliciting agent notified the insured that he had the policy for delivery, and the insured requested the agent to hold it for him until he called for it, which the agent agreed to do. Before he obtained manual possession of the policy, the insured died. In rejecting the insurer's contention that the policy never took effect, because no manual delivery had been made to the insured during his lifetime, the Court stated:

It is settled by many authorities that, in order to constitute delivery of a life insurance policy, it is not necessary that the actual manual possession of the policy be with the insured. It is the intention of the parties that governs, and not the manual possession of the policy. Where there is an intention on the part of the insurer to part with the control of the policy, and to place it in the control of the insured or some person acting for him, that is sufficient to constitute delivery. And the delivery of the policy by the insurer to its agent, with unconditional instructions to delivery to the insured, amounts to delivery. (129 Miss. at 551.)

■■ ■ There is ample evidence in the case at bar to substantiate the finding of the jury that the insurance policy was delivered to the agent Burgess with unconditional instructions to deliver to the insured, Mr. Switzer. There was no condition precedent that the insured was supposed to perform before he was to receive delivery of the policy. Burgess was merely sup-

posed to take the policy and deliver it to the insured. This issue was properly within the province of the jury, and we will not disturb their verdict.

We find that the other errors complained of in this case are without merit and, for the reasons heretofore given, this judgment is affirmed.

Affirmed.

All Justices concur.