This is an appeal from a directed verdict granted by the Circuit Court of Simpson County in favor of appellee, the plaintiff below, in a suit on an insurance contract. For the reasons set out we reverse and remand for a new trial.
On October 8, 1964, E.A. Craft, a soliciting agent for Old Equity's general agent, Lindel R. Jones of the Jones Insurance Agency, approached appellee, T.C. Jones, concerning a certain type of health and accident policy offered by appellant, Old Equity Life Insurance Company. Appellee testified that he tendered a cash premium of $77.60 and a receipt in that amount dated October 8 was admitted into evidence. He also testified that Craft had represented the accident provisions of the policy as being in effect at that moment. The original application which was partially filled out by Craft and signed by appellee was admitted into evidence on the cross-examination of appellee. The application contained the following stipulation to which a "yes" was signed.
 "10. Do you hereby declare that all information furnished herein is true and correct to the best of your knowledge and belief; and do you agree that only the Officers of the Company can accept or reject this application and that the policy applied for shall not take effect until the first premium is paid in full and accepted by the company and the policy issued while you and members of your family are alive and to the best of your knowledge in good health?"
The application, as it was admitted, was dated October 30, 1964, and co-signed by John B. White as "Licensed Agent." No explanation was offered by either side as to the reason for the difference in the dates between the receipt and the application, nor did appellant offer an evidence which attempted to refute the October 8 date testified to by appellee. The application contains a notation that it was received by the home office on November 10, 1964, or 33 days after appellee testified that he submitted it to Craft.
Around the 13th of November appellee testified that he had received a communication from appellant about his application. He had not retained it but both his wife and daughter testified that generally the message was that of welcoming his application and saying that it was in the process of examination and that the policy would be sent to him on approval. Some time later in November appellee testified that he had become concerned because his policy had not arrived and he stopped by the Jones Insurance Agency to inquire about its whereabouts. He said that Lindel Jones and John B. White were there and he talked with them. He inquired about Craft and was informed that he was not with them any more. He then told them that he had taken out an insurance policy with Craft and he had not received it. He said that Lindel Jones told him "Don't worry about that. That thing will be here just in a few days. You're covered right not for an accident." He said that White also told him not to worry about it, he was covered.
Appellant did not attempt to contradict this version of the meeting when Lindel Jones was recalled to the stand later in the trial.
On December 28, 1964, appellant, through its underwriter John Nordquist decided to reject appellee's insurance application for "confidential reasons." Mr. Nordquist testified that he ordered a rejection letter sent to appellee. The copy of the letter was not allowed into evidence because appellee denied receiving it, because it was improperly addressed, and because Nordquist could not testify that it was actually sent. Appellant was able to prove that the notice of *Page 650 
rejection was sent to the Jones Insurance Agency in which they were ordered to return the premium. Mr. Carl Meyers, the partner of Lindel Jones in the Southern Health Agency located in Jackson, Mississippi, testified that the notice was referred to him and on January 12, 1965, he issued a check for $73.60 payable to T.C. Jones. There was no accompanying letter with the check from Southern Health Agency signed by Meyers. Appellee admitted getting the check and cashing it but stated he did not realize what the purpose of the check was, because he had never heard of Meyers or the Southern Health Agency and the amount was not the same as the original premium. In any event the check was returned to appellee because of insufficient funds in the Southern Health Agency bank account.
On January 16, 1965, appellee had an accident that resulted in the amputation of one of his legs. There is no issue presented as to the accident.
Meyers testified that upon learning the check was returned for insufficient funds he had a cashier's check drawn for $73.60 and sent it to appellee on February 3, 1965. This is approximately 113 days after the premium was first taken and still not for the full amount.
Appellee's original declaration stated the insurance policy had been issued and was in effect but was being retained by appellant or had been destroyed. Upon the testimony of appellant's first witness, Nordquist, the underwriter in charge of appellee's application, to the effect that the appellant had rejected the application, appellee asked for permission to amend his declaration. The trial court gave the permission and the following language was added over the objection of appellant.
 Defendant, in assigning a policy number AL218670 to the application of plaintiff submitted by the L.R. Jones Insurance Agency, and not having rejected said application, and not having refunded the initial premium paid by plaintiff, entered into an insurance contract with plaintiff.
At the close of appellant's case it introduced a copy of the type of policy that appellee had applied for and by a witness proved the exact amount that would be due under the terms of the policy had it been in effect. When the trial judge granted the directed verdict the recovery was limited to the amount proved by appellant.
It is the appellant's contention that the declaration as amended does not state a cause of action under Mississippi law; the trial court should be reversed and a judgment rendered for appellant. Although we do reverse for reasons set out below, we cannot agree with appllant's view of the law.
The amendment made by appellee had the effect of introducing the issue of estoppel against appellant to deny that it had accepted appellee's application. It is appellant's contention that estoppel even if proven cannot be employed against an insurance company to prevent them from denying acceptance of an insured's application for insurance.
The general law on offer and acceptance in this State has long accepted the principle that an acceptance may be implied from the actions of offeree. Judge Griffith speaking for the court in Fanning v. C.I.T. Corporation, 187 Miss. 45, 192 So. 41 (1939) states the rule as follows:
 The rule is that acceptance of a contract as binding upon a party may be shown by his actions, and any definite and unequivocal course of conduct disclosing that the party has acceded or assented to it, is as binding on him as had he endorsed his assent in formal writing. And although he may have stipulated that the contract shall not be binding on him until formally accepted by him in writing, that stipulation may be waived by him and is waived when he acts upon and under the contract by conduct of the nature aforementioned. *Page 651 
(187 Miss. at 52, 192 So. at 43.)
The opinion cites in support of the above stated rule the Restatement of the Law of Contracts which reads as follows:
 The manifestation of mutual assent may be made wholly or partly by written or spoken words or by other acts or conduct. Restatement of the Law of Contracts § 21 (1932).
The principle of implied acceptance was also approved by this Court in Ammons v. Wilson Co., 176 Miss. 645, 170 So. 227
(1936), quoting from the Restatement.
 The question in the case is whether or not, under the law, appellee should be charged with an implied acceptance of the orders by its silence. * * * We think the sound governing principles are laid down in Restatement, Contracts, subsection 1(c) of section 72, the applicable part of which is as follows:
 (1) Where an offeree fails to reply to an offer, his silence and inaction operate as an acceptance in the following cases and in no others: * * *
 * * * * * *
 (c) Where because of previous dealings or otherwise, the offeree has given the offeror reason to understand that the silence or inaction is intended by the offeree as a manifestation of assent, and the offeror does so understand. (176 Miss. at 654, 170 So. at 228)
Whether a different principle is recognized in this State for contracts of insurance is the question presented by this case and we hold that the principles enunciated by Fanning and Ammons,
supra, are applicable under the proper conditions to all offers, insurance applications included. This is essentially the position taken by this Court in New York Life Ins. Co. v. McIntosh, Miss., 41 So. 381 (1906). In that case a widow had sued on a life insurance contract but amended her bill of complaint to set up estoppel against the insurance company because of assurances her husband had received by letter from the local agent that the home office had changed its mind and would accept the application for insurance. The Company, however, had not changed its mind but was making a counter offer to which another application must be made. This Court held that the amended bill, if proved, sufficiently set up facts constituting estoppel.
Appellant cites a number of cases which on the surface would appear to conflict with the principles governing implied acceptance, however, we believe that they are either inapplicable or on deeper analization sufficiently distinguishable so as not to be in conflict with the principles in Fanning and Ammons
or the holding in McIntosh.
In Cauthen v. National Bankers Life Ins. Co., 228 Miss. 411,88 So.2d 103 (1956), this Court held that mere delay in acting upon an application does not work an implied acceptance where the application or premium receipt expressly stipulates that actual acceptance is necessary to a completion of the contract. The allegations set up by appellee in this case, if accepted by the jury, constitute a good deal more than "mere delay." Without needing to decide whether the 113 day delay in making an effective rejection and return of premium goes beyond "mere delay" we hold that the representations of coverage coupled with the delay and the retention of premium present in this case sufficiently distinguish it from Cauthen, supra. Moore v. Palmetto State Life Ins. Co., 222 S.C. 492, 73 S.E.2d 688 (1952).
A more difficult problem is presented by Frank Gardner Hardware Supply Co. v. St. Paul Fire Marine Ins. Co., 245 Miss. 320,148 So.2d 190, 4 A.L.R.3d 1190 (1963), in which this Court approved the general principle that the doctrine of waiver or estoppel cannot be used to create a primary liability. Taken out of context this principle would seem to be in conflict with those principles in Fanning, Ammons *Page 652 
and McIntosh. The kind of estoppel presented by the allegations of appellee's amended declaration is different from the estoppel under discussion in the Frank Gardner case, supra. In that case we affirmed the principle which refused to increase the coverage of insurance contracts by promissory estoppel. In this case we are dealing with equitable estoppel.
 Promissory estoppel differs from ordinary equitable estoppel in that the representation is promissory rather than as to an existing fact. 31 C.J.S. Estoppel § 80 (1964).
The alleged representations of appellant's agents that appellee was covered would not create that coverage under the rule inFrank Gardner, supra, but they might constitute equitable estoppel against the appellant as to the pre-existing fact of whether or not the application had been accepted in accord with the principles in Fanning, Ammons and McIntosh, supra.
It is to be recognized that the acceptance of an application for insurance does not necessarily create a liability for every claim alleged by insured under the policy. While the procedure set up by the appellant for selling insurance is technically an offer and acceptance with the customer as the offeror, it is in reality closely akin to a fiction since the offeree provides the terms of the offer that is to be made to it. Under this quasi-fiction the acceptance is actually in the nature of a condition precedent to the effectuation of the insurance contract.
 Terms and conditions in an application for insurance may be waived, as well as stipulations in a policy as to the conditions on which it shall have its inception and become operative as a contract. A condition precedent such as a condition precedent to the delivery of a life policy may be waived. (16 A Appleman, Insurance Law and Practice § 9083 (1968)).
The same textbook author has noted that when the condition is the requirement that the insured must accept the contract, it has been held that such acceptance may be implied from the conduct of insured. § 7152, supra.
Appellant assigns several other grounds for reversal of this case, however, we find no merit if any except the assignment that "the trial court erred in granting appellee's motion for a directed verdict at the conclusion of appellant's case." The trial judge was of the opinion that there was no issue of fact for the jury to pass on and that as a matter of law appellee was entitled to recover. We do not agree. The burden of proof was upon appellee to prove all the elements necessary to constitute an estoppel of appellant to deny acceptance. We cannot say that the evidence on behalf of appellant, when taken as true, did not maintain a defense on the issue. For this reason this case must be reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.
 *Page 174